STATE OF MISSOURI, AT THE RELATION AND TO THE USE OF PATRICK J. HIGGINS, RESPONDENT, v. EDWARD L. STANTON AND AMERICAN SURETY COMPANY OF NEW YORK, A CORPORATION, DEFENDANTS, AMERICAN SURETY COMPANY OF NEW YORK, APPELLANT.*

St. Louis Court of Appeals. Opinion filed June 7, 1927.

**1.—Evidence—Wine Seized Under Invalid Search Warrant—Owner Qualified to Testify as to Value.** In an action against a constable and surety on his official bond to recover the value of wine seized under an invalid search warrant, the trial court did not err in permitting plaintiff to testify as to the value of the wine without first requiring him to qualify, as he was the owner of it, and by reason of his ownership he was prima-facie qualified to speak as to its value, and, in addition to being the owner, he had lawfully purchased wine on a doctor's prescription at a drug store.

**2.—Witnesses—Cross-Examination—Argumentative Questions—Improper.** In an action against a constable and surety on his official bond to recover the value of wine seized under an invalid search warrant, where the evidence disclosed that plaintiff was a private watchman, and it was attempted on cross-examination to show that he made some demonstrations with a pistol at the time the officers seized his wine, and the court permitted counsel to cross-examine him as to this transaction, but sustained an objection to a question concerning a statement that he made with reference to his right to carry concealed weapons, **held** not error as the question was purely argumentative in character.

**3.—Instructions—Measure of Damages—Term Value Not Qualified—Appellant Not Requesting More Definite Statement Cannot Complain.** In an action against a constable and surety on his official bond to recover the value of wine seized under an invalid search warrant, an instruction which told the jury that if their verdict was in favor of the plaintiff they would assess

his damages in such sum as they found from the evidence was the value of the property, and defendant, not requesting any more definite statement as to "value" nor offering any instruction attempting to define the term or confine it within any narrower compass, cannot complain of failure to qualify such term in the instruction.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 850, n. 24; p. 855, n. 39; Evidence, 22CJ, p. 581, n. 98; Witnesses, 40Cyc, p. 2518, n. 83.

Appeal from the Circuit Court of St. Louis County.—Hon. Gustavus A. Wurdeman, Judge.

AFFIRMED.

*Bryan, Williams & Cave* for appellant.

(1) In allowing the respondent to give his opinion as to the value of the property without any qualifications of the term "value" and without the witness having qualified as to his knowledge of the market values, or giving a statement of the facts upon which his estimate was based, the court committed reversible error. There was no basis laid for the admission of any evidence as to the value of any of the property. Mayes v. Cunningham, 204 S. W. 404; Utz v. Insurance Co., 139 Mo. App. 552; Strothers v. McFarland, 194 S. W. 881; Wabash Railroad Company v. Cockrell, 192 S. W. 443. (2) The most material issue in this case was whether or not respondent was in the lawful possession of the property at the time it was seized; and the refusal of the court to allow appellant to cross-examine respondent concerning his voluntary statement that he had a right to be in possession of a concealed weapon at the time of the seizure of the property was highly prejudicial. (3) On the theory that a witness may not be impeached while under cross-examination by asking him if he has not been guilty of committing a crime, the court erred in not allowing appellant to impeach the witness Walsh. A witness may be impeached by asking him if he has not been guilty of committing a crime, subject, of course, to his right to refuse to answer on the ground of incrimination. State v. Huck, 118 Mo. 92; State v. Davis, 225 S. W. 707. (4) The giving of instruction No. 3 for respondent was erroneous for the reason that there was no competent evidence of damage, and for the further reason that the term "value" therein used was not qualified in any way except as to time. It authorizes a verdict for the market value, the value to the converter or to the owner, or any value that the jury might see fit to give. (a) The word "value" has different meanings. (See Bouvier's Law Dictionary.) (b) Ordinarily it would be understood to be the market price. Mo. Kan. & Tex. Ry. Co. v. Cruse, 54 Tex. Civ. App. 548; Stephens v. State, 55 So. 940; Peck v. List, 23 W. Va. 238.

*Dwight D. Currie* for respondent.

(1)   The motion for a new trial of the appellant is insufficient as a matter of law because it fails sufficiently to specify of record the ground or grounds on which a new trial is asked for. Bartner v. Darst, 285 S. W. 449.   (2)   The mere fact of ownership of personal property is sufficient to qualify the owner thereof to testify as to its value.   22 C. J. 581, par. 684, 10 Ruling Case Law, 956; Murphy v. St. Joseph Transfer Co., 235 S. W. 138; Hayward v. Employers' Liability Assurance Corp., 257 S. W. 1083; Taylor v. St. Louis & H. Railroad Co., 256 S. W. 499; Daniels v. St. L. I. M. & S. R. R. Co., 181 S. W. 599; Cantling v. Hannibal Railroad Co., 54 Mo. 385; Council v. St. Louis Railroad Co., 123 Mo. App. 432; Stone v. St. L. I. M. & S. R. R. Co., 146 Mo. App. 298; Willison v. Smith, 60 Mo. App. 469; Bowne v. Hartford Fire Insur. Co., 46 Mo. App. 473; Matthews v. Mo. Pac. Railway Co., 142 Mo. 645, 1. c. 666; Union Elevator Co. v. Kansas City Suburban Belt R. R., 135 Mo. 353; Tate v. M. K. & T. Railway, 64 Mo 149; Thatcher v. Kaucher, 2 Colo. 698; Ochsenieter v. Geo. C. Bagley Elev. Co., 11 S. D. 91; Byrne v. Minneapolis & St. Louis Ry. Co., 29 Minn., 200; McGilra v. Minneapolis, St. P. & S. Ste. M. R. Co., 35 N. D. 275; Galveston H. & S. A. Ry. Co. v. Polk, 28 S. W. 353; Peterson v. Chicago, Milwaukee & St. Paul Ry. Co., 95 Minn. 57; Willard v. Valley Gas & Fuel Co., 171 Calif. 9; Itasca Cedar & Tie Co. v. McKinley, 124 Minn. 183; Grath v. Wilson Motor Car Co., 253 S. W. 776; Klein v. St. Louis Motor Car Co., 237 S. W. 848.   (3)   Intoxicating liquors, lawfully acquired and lawfully kept, as the jury found were the facts in this case, are as much surrounded and protected by the laws affecting property rights as any other property, and an award of damages by a jury for the value of liquor which has been converted will not be disturbed on appeal where supported by competent testimony. Murphy v. St. Joseph Transfer Company, 235 S. W. 138; Hayward v. Employers' Liability Assur. Corp., 257 S. W. 1083.   (4)   Even though property has no market value, nevertheless the owner thereof, when it had been converted, is entitled to recover, as its value, whatever sum the jury may find from competent evidence is the substantial value thereof. Hayward v. Employers' Liability Assur. Corp., 257 S. W. 1083; 10 Ruling Case Law 956; Willard v. Valley Gas & Fuel Co., 171 Calif. 9; Strothers v. McFarlane, 194 S. W. 881; Gallup v. Rhodes, 230 S. W. 664.   (5) The latitude of cross-examination is a matter largely within the discretion of the trial court before whom the case is tried. State v. Lang, 201 Mo. 664; State v. Potts, 239 Mo. 403.

NIPPER, J.—By this action Patrick J. Higgins sought to obtain a judgment against Edward L. Stanton, a constable in Central Town-

ship, St. Louis County, Missouri, and the American Surety Company as surety on the constable's official bond.

The deputies of the constable went to the home of Higgins, in St. Louis County, and assuming to act under a search warrant, went into the basement of his home, arrested him, and took fifteen barrels of wine, a copper funnel, and other articles of personal property from the basement. Higgins was then proceeded against in the circuit court, by way of information, charging him with the illegal possession and sale of intoxicating liquors.

In the circuit court the search warrant was quashed and the State afterwards entered a *nolle prosequi,* and Higgins then demanded the return of his wine. This was refused and the wine was never returned to him.

The evidence, as offered on the part of Higgins, showed that the wine was made by him in 1913, and placed in barrels in his basement. The defendants offered expert testimony to the effect that the wine in question had not been manufactured that long. The seizure was made by the constable's deputies on December 8, 1923, and there was some expert testimony offered on the part of defendants to the effect that the wine was less than one year old. Higgins testified that he used the wine in his home and did not sell any; that each barrel contained about fifty gallons; that he had bought wine on a doctor's prescription since the Volstead Act went into effect, and that the value of the wine, at the time he demanded its return from the constable, was $10 per gallon, and the value of the barrels $8.50 each. This testimony, as to the value of the wine, was admitted over the objection and exception of defendant's counsel.

The questions raised here on appeal are that the court erred in allowing Higgins to give his opinion as to the value of the property, without first requiring him to qualify so that he might be able to properly give such evidence; and that the court erred in refusing defendant's counsel the right to cross-examine Higgins concerning a certain voluntary statement that he made with reference to his right to carry concealed weapons in St. Louis County. It is also insisted that the court erred in giving instruction No. 3, at the request of the plaintiff, which we will hereafter refer to.

Higgins obtained judgment against the defendants in the sum of $6000, and from this judgment the defendant American Surety Company appeals.

As to the proposition that the court erred in permitting Higgins to testify as to the value of the wine without first requiring him to qualify, it will be observed from the examination of the record that he testified that he knew the value of the wine about the time he demanded its return from the constable, and was permitted to state that its value was $10 per gallon. He had also purchased wine at a drug store on a doctor's prescription. He was the owner of

the property in question, and by reason of his ownership he was prima facie qualified to speak as to its value.

The general rule is thus stated in 22 C. J., p. 581, sec. 683:

"The mere fact of ownership of personal property is usually regarded as sufficient to qualify one to state his estimate of its value."

This general rule has been followed in Missouri in a number of cases, as will be seen by reference to Taylor v. St. Louis & H. R. Co., 256 S. W. 499, and cases cited therein. There was no error in the admission of this testimony. In addition to being the owner of the property, his evidence as to value was evidently based, to a great extent, upon the price paid for the wine which he purchased lawfully on a doctor's perscription at the drug store.

It is also insisted that the court erred in refusing to allow appellant's counsel to cross-examine Higgins concerning his statement that he had a right to be in possession of a concealed weapon at the time of the seizure of his wine. The evidence discloses that the plaintiff was a private watchman in the city of St. Louis, and appellant's counsel was attempting to show that he made some demonstrations with a pistol at the time the officers seized his wine. Higgins stated that he had a right to carry a gun. The court did not refuse to permit counsel to examine him as to anything that took place at the time of the seizure, and while the officers were present. He was asked if he pulled a gun on these officers or attempted to shoot any of them. He answered that he did not. The court did not refuse to permit counsel to cross-examine him as to this transaction, but did sustain an objection to a question which was purely argumentative in character.

As to the next question urged as ground for reversal, namely, that the court erred in giving instruction No. 3 on behalf of Higgins, for the reason that the term "value" was not qualified, the court told the jury in this instruction that if their verdict was in favor of the plaintiff they would assess his damages in such sum as they found from the evidence was the value of the property on or about July 14, 1924. Defendant did not request any more definite statement as to the value of the wine, nor did they offer any instruction attempting to define the term or confine it within any narrower compass, and is, therefore, not in position to complain at this time. It appears that the case was fairly tried, and there is no error authorizing a reversal of the judgment. The judgment is, accordingly, affirmed.

*Daues, P. J.,* and *Becker, J.,* concur.