Joe C. Hellums, Defendant in Error, v. Fred Randol, Plaintiff in Error.—40 S. W. (2d) 500.

Kansas City Court of Appeals.   June 15, 1931.

*Harry G. Kyle* and *Walter A. Raymond* for defendant in error.

*H. M. Griffith* for plaintiff in error.

BOYER, C.—Action for damages. The case is here on writ of error and as a matter of convenience the parties will be referred to by their designation below as plaintiff and defendant. Plaintiff sued to recover on account of personal injury and property damage to his automobile occasioned by the alleged negligence of the driver of defendant's truck. The truck was driven against plaintiff's car while in the intersection of two public thoroughfares in Kansas City. Plaintiff was injured and his car damaged. The jury awarded a verdict of $1667, and judgment was so entered for plaintiff. The assignment of errors and the points treated in the brief are the following: (1) The verdict is against the evidence, the weight of the evidence, and against the law. (2) The court erred in the admission of improper evidence. (3) Damages assessed are excessive. (4) The demurrer should have been sustained. (5) Plaintiff was guilty of contributory negligence. (6) Misconduct of counsel in asking leading questions.

There is no question of pleading in the case. The petition charges that the agent of defendant was negligent in that he drove the truck at a high rate of speed; failed to keep proper lookout or to stop, and that he negligently drove into said street intersection contrary to traffic signals and in violation of the traffic and speed ordinances of Kansas City, all of which directly caused the collision. The answer was a general denial and a plea of contributory negligence in that plaintiff failed to look out for his own safety and violated ordinances of Kansas City by driving his automobile into the street intersection contrary to traffic signals.

The evidence contained in the record favorable to the plaintiff shows the following state of facts: Southwest Boulevard extends diagonally from northeast to southwest. Broadway extends north and south and intersects Southwest Boulevard; they are both public thoroughfares; Broadway is sixty feet wide and Southwest Boulevard considerably wider. At this intersection there were maintained mechanical traffic signals showing the colors of red, amber, and green. Red indicated that traffic must stop, and green indicated the right of way for traffic; the amber color was shown for a brief interval between the other colors and indicated an impending change from red to green or the reverse. If traffic had entered the intersection before the green signal had changed to amber the traffic was to proceed across, and other traffic stop. On July 19, 1928, in the daytime, plaintiff was driving northeastwardly on Southwest Boulevard approaching Broadway. The signal light was green, indicating his right to proceed. He entered the intersection and proceeded beyond the center thereof and turned his car to the north intending to proceed in that direction on Broadway. While he was in the intersection the signal lights changed to green for Broadway

and red for Southwest Boulevard. At this time defendant's truck was fifty feet or more east of the intersection on Southwest Boulevard approaching at a rate of thirty miles per hour. It continued without slackening speed and entered the intersection against the red signal. Plaintiff endeavored to escape, but the truck struck the automobile near the middle, shoved it a distance of forty feet across Broadway, causing it to collide with another automobile entering the intersection from the north, and then shoved plaintiff's automobile over to the curb and against a large steel pole on the northwest corner of the intersection. Plaintiff's injuries were such that he was assisted from his car and placed upon the terrace. While he was lying there defendant's driver of the truck looked down in his face and said: "I'll learn you to stay from in front of trucks." The driver then backed the truck away and drove on down the street at a rapid pace. Police officers overtook him, compelled him to stop, returned him to the scene of the accident, and placed him under arrest.

Testimony in behalf of defendant tended to show that his truck driver had the right of way and that plaintiff suddenly, and in violation of the signal, drove his automobile in front of the truck. On this subject the evidence was conflicting. The testimony in reference to plaintiff's injury and the damage to the car will be stated in the course of the

## Opinion.

Points 1, 4, and 5 may be considered together inasmuch as the sufficiency of evidence and contributory negligence of plaintiff are necessarily included in a consideration of the ruling on the demurrer. In view of the evidence favorable to plaintiff the demurrer was properly overruled. It was competent for the jury to determine the weight of the testimony and to determine issues of fact upon conflicting evidence. There was substantial evidence to support the conclusion of the jury and we cannot heed the appeal of defendant that the evidence preponderates in his favor. We do not hold the scales with which to weigh the evidence and cannot perform that function in a law case. [Renfro v. Lazerine, 298 S. W. 1067, 1068; Missouri & Illinois Coal Co. v. Willis Coal & Mining Co. (Mo. Sup.), 235 S. W. 119, 123.]

Plaintiff was not guilty of contributory negligence as a matter of law. Defendant refers at length to portions of the evidence which he claims established the fact that the plaintiff drove into the intersection contrary to the signals and improperly managed his car so that it was placed in the road of the truck when he knew that by doing so he would be struck by the truck. Some of such evidence would tend to show that plaintiff was contributorily negligent, but

that is not all of the evidence in the case. As heretofore stated, the evidence in plaintiff's favor is to the effect that he was proceeding properly and lawfully and that defendant's driver entered the intersection in violation of the signal, and at an excessive speed; and struck plaintiff's car at a time when plaintiff had a right to assume that the truck driver would stop before entering the intersection. The force of the argument tends more strongly to convict plaintiff of an error of judgment in the management of his car rather than to convict him of negligence in the manner of entering and passing through the street intersection. From the view of the evidence favorable to plaintiff he had the right of way. He was lawfully in the street and it was the duty of defendant's agent to stop the truck before entering the intersection. When it did not stop plaintiff was confronted with an emergency. His actions thereafter should be judged in view of the unexpected situation in which he was placed. What he did after the emergency arose quite naturally and justly is not measured by the same standard as conduct promoted by deliberation or following time for reflection. It was for the jury to say whether plaintiff's conduct at the time was that of an ordinarily prudent person or, in other words, whether he was in the exercise of due care in view of his surroundings. [Bullmore v. Beeler, 33 S. W. (2d) 161, 164; Mayne v. May Stern Furniture Co., 21 S. W. (2d) 211.]

In the course of the argument reference is made to alleged errors in the giving and refusal of instructions. There is no assignment upon the subject and no reference thereto in the motion for new trial and that point will not be reviewed.

Complaint is made of a part of the testimony of Dr. N. and the method of inquiry adopted by plaintiff's attorney in reference to the character of the service which the doctor was accustomed to render. Defendant's attorney sought to lessen the weight or credibility of the doctor's evidence by inquiring whether the doctor did not testify "quite often" in damage suits, and testify "quite a bit" in damage suits for the attorney for plaintiff. To meet this inquiry, plaintiff's counsel proposed to show that by the nature of the doctor's work he would be called as a witness both by defendants and plaintiffs. The court permitted the inquiry and the doctor testified that he did work for a number of prominent establishments and that he and his associates represented six hundred industries in Kansas City in industrial work, and that he was frequently called to testify both for defendant and for plaintiff, and more often for the defendant. Under the circumstances we see no prejudicial error suffered by defendant. The inquiry was invited and it was a matter to be directed and controlled by the sound discretion of the trial judge. [Daudt v. Steiert (Mo. Sup.), 205 S. W. 222, 225.]

It is next insisted that it was error to permit plaintiff to testify to the value of his automobile, and that he did not qualify as an expert on the subject. It was not necessary for plaintiff to qualify as an expert in order to testify to the value of his car. The owner of an automobile without further qualification may testify as to its reasonable value, and the jury determine the weight and value of such testimony. [Finn v. Indemnity Company of America, 297 S. W. 175, 176; State ex rel. v. Stanton, 296 S. W. 190, 191.]

Defendant further contends that plaintiff's injuries were slight and that the medical testimony of defendant's witnesses shows that he is in normal physical condition. Plaintiff was injured in the back, shoulders, and side and sustained various bruises. He was unable to get out of the car. He was removed from it to the hospital and then to his home where he was in bed ten days, and at the time of trial, May 19, 1930, was unable to do any heavy work. The attending physician testified that plaintiff had multiple bruises and contusions of the muscles about the right shoulder and back and a separation of the intercostal muscles between the sixth and eleventh ribs; that the muscles were torn loose and that plaintiff had bruises and contusions about the back in the lumbosacral region; there was discoloration, swelling, and hemorrhage; that he had sustained a sacro-illiac sprain and had muscle spasm in the region of the fifth lumbar vertebra; that the muscles were torn loose and there was some inability to rotate the hips; the right side of the sacro-illiac region is tipped lower than the left, and that the patient's injuries are permanent. Plaintiff received medical treatment for three or four months and lost twenty-two pounds in weight. There was also evidence that the damage to plaintiff's automobile would equal the amount of $400. Under the evidence the verdict is not excessive, but moderate. It met the approval of the trial court and should stand.

Finally, we see no prejudicial error in the conduct of plaintiff's counsel in asking leading questions. The particular matter complained of is not indicated to us, but we are referred to "pages 19 to 108 inclusive" for the alleged leading questions. It is the duty of appellant to indicate error and to show its prejudicial effect. However, from our inspection of the record we fail to find anything upon which to convict the trial court of an abuse of discretion, or of any violation of the rules of procedure prejudicial to defendant. [Godfrey v. Kansas City Power & Light Co., 299 Mo. 472, 489, 253 S. W. 233; Jennemann v. Bucher, 171 S. W. 613, 614.]

Defendant has failed to show any error materially affecting the merits of the case and the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.