STATE OF MISSOURI, at the Relation of MOSES SPEARS, Relator, v. HON. EDWARD J. McCULLEN, HON. WM. C. HUGHES and HON. LYON ANDERSON, Judges of the St. Louis Court of Appeals.—No. 40590. —210 S. W. (2d) 68.

Court en Banc, March 8, 1948.

Rehearing Denied, April 12, 1948.

*Mattingly, Berthold, Jones & Richards* and *Douglas H. Jones* for appellant.

*Louis Yaffe* for respondent; *Orville Richardson* of counsel.

[69] CONKLING, J.—Moses Spears, plaintiff below, recovered a judgment for damages for personal injuries in the circuit court of the City of St. Louis. The St. Louis Public Service Company, defendant below, appealed to the St. Louis Court of Appeals. That court reversed the judgment and remanded the cause. See 202 S. W. (2d) 578. To review the record we brought the cause here by certiorari.

The collision between the automobile operated by plaintiff and the street car of defendant occurred on Lockwood Avenue, near the intersection of Gray Avenue, in Webster Groves, Missouri. Lock-

wood Avenue extends east and west; street cars run both east and west on that street; Gray Avenue extends north and south intersecting Lockwood. Travelling south on Gore Avenue plaintiff came to its intersection with Lockwood and stopped his automobile. He testified he looked both east and west on Lockwood and did not observe any approaching traffic, neither a street car nor other traffic. He could see east substantially half a block. A Chevrolet coach had stopped in front of him. Both vehicles started up and turned west into Lockwood driving west upon the westbound street car track, plaintiff driving about 15 or 20 feet behind the Chevrolet and at a speed of from 20 to 25 miles per hour. Upon nearing Gray Avenue, the first street west of Gore Avenue the Chevrolet slowed down and plaintiff was likewise compelled to reduce his speed to between 5 and 15 miles per hour. Plaintiff testified he reduced the speed of his car gradually but gave no arm signal of his intention to do so. Soon after his speed was reduced plaintiff's car was struck in the rear end by defendant's westbound street car. When it was struck plaintiff's car was from 8 to 15 feet behind and east of the Chevrolet, and was running upon the rails of the street car track. His car was knocked forward into the rear end of the Chevrolet. The street car, continuing to run on west, again struck the rear end of plaintiff's car and caught on plaintiff's rear bumper. The collision occurred about 300 feet west of Gore Avenue and about 30 feet east of Gray Avenue.

It was testified by plaintiff that, although there was a rear vision mirror in his car, before the collision he never saw the street car behind him. After the collision plaintiff's automobile was facing west and was about the center of the street car tracks. The rear end of plaintiff's automobile was under the front end of the street car. A crow bar was used to pry them apart. Defendant [70] offered no testimony upon the negligence issue.

For plaintiff the cause was submitted to the jury upon his instruction No. 1 in these words: ''The Court instructs the jury that if you find from the evidence that on the occasion mentioned in evidence, the plaintiff's automobile was headed westwardly on Lockwood Avenue, and in the westbound street car tracks, and that the defendant's streetcar was east of plaintiff's automobile and was being operated westwardly, and that the street car overtook the plaintiff's automobile, if you so find, and that the operator of the street car negligently and carelessly allowed it to run into and collide with the rear end of the automobile, if you so find, and that as a direct result of such negligence, if any, on the part of the defendant, the plaintiff was injured, then, and in that event the plaintiff is entitled to recover, and your verdict must be in favor of plaintiff and against defendant.''

The allegation of negligence in the third paragraph of the petition upon which plaintiff based his instruction 1 was as follows: ''3. That on or about the 9th day of October, 1945, plaintiff was operating his automobile westwardly on Lockwood Avenue and when said automobile was approaching Gray Avenue, the said automobile was violently struck in the rear thereof by a westbound street car of defendant herein, which was being operated by defendant's agent, servant, and employee, in a careless and negligent manner; and as a result thereof, plaintiff was injured in the following respects:''. It is noted that it is alleged that the negligent act resulted in plaintiff's injuries.

The fourth paragraph of the petition set out in detail the personal injuries plaintiff claimed he received. The fifth paragraph was, in part, as follows: ''5. Plaintiff states that all of his injuries were directly and proximately caused by the carelessness and negligence of the defendant in the following respects'': (a) operating street car with defective brakes, (b) failure to warn, (c) failure to slacken speed, (d) failure to stop, (e) excessive speed and (f) violation of humanitarian rule. Plaintiff of course conceded that subparagraphs (a) to (f) inclusive of paragraph five are allegations of specific negligence. Plaintiff did not submit (a), (b), (c), (d), (e), or (f), supra, to the jury by instruction.

■ The first question presented is whether the allegation in paragraph three was one of general or specific negligence. Without giving its reasons for so holding the Court of Appeals ruled that the third paragraph, above quoted, was an allegation of general negligence. If paragraph three of the petition charges only general negligence the Court of Appeals ruled correctly in reversing and remanding the case, because an allegation of general negligence is restricted by specifications of particular or specific negligence, and plaintiff must recover, if at all, on the specific negligence thus alleged. Burneson v. Zumwalt Company, 349 Mo. 94, 159 S. W. (2d) 605, 610.

But we hold that the allegation in paragraph three of the petition is one of specific negligence. Jones v. Central States Oil Company, 350 Mo. 91, 164 S. W. (2d) 914; Thompson v. Keyes-Marshall Bros. Livery Co., 214 Mo. 487, 113 S. W. 1128; Richardson v. K. C. Rys. Co., 288 Mo. 258, 231 S. W. 938; Beier v. St. Louis Transit Company, 197 Mo. 215, 94 S. W. 876; State ex rel. K. C. Rys. Co. v. Trimble (Mo. Sup.), 260 S. W. 746, Davidson v. St. Louis Transit Company, 211 Mo. 320, 109 S. W. 583, 595.

The specific thing charged in the above quoted third paragraph of the petition is the negligent operation of the street car by a specific person, the operator thereof, in that, while plaintiff was operating his automobile westwardly on Lockwood, and when approaching Gray Avenue, the street car operator was negligent in that he violently drove the front end of the street car into the rear end of

plaintiff's automobile. The charge is specific in alleging who did it, what was done, the manner in which it was done, the general situation and where it was done. It is negligence for an operator of a street car to so operate the car as to violently drive the front of the street car into the rear of an automobile on the track ahead of the car. The courts have long considered it to be negligence. See cases cited supra. The jury in the cause found it to be negligence. The statement of such specific facts, as are alleged in the third paragraph "accompained with a [71] charge of negligence", is a charge of specific negligence. Thompson v. Keyes-Marshall Livery Co., supra. As an allegation of specific negligence the third paragraph is complete within itself, just as the allegations of specific negligence in the fifth paragraph are complete within that paragraph.

It is not at all material where in a petition an allegation of negligence appears. Whether it may appear, for instance, in the third paragraph or in a sub-division of the fifth, or in any other paragraph, is of no consequence. The petition as a whole must be considered and none of its charging parts can be ignored.

We are admonished by the Civil Code that petitions must be so construed "as to do substantial justice". Mo. R. S. A. sec. 847.57. We cannot ignore or overlook the fact that here the third paragraph is a complete one of itself, specifically charging a common law wrong by a specified person, under specified circumstances, at a specified place, in the doing of a specified thing, in a specified manner, the whole of which the law denominates as negligence. The above cases amply support our view that the third paragraph alleges specific negligence.

In the Davidson case this Court held that where it was alleged that "defendant so carelessly and negligently operated its cars that a car in which plaintiff was riding was caused to collide with another car belonging to defendant", that the allegation was one of specific negligence. In the Jones case we held that an allegation charging defendant "carelessly and negligently drove and operated said truck and carelessly and negligently caused, allowed and permitted the same to run into, strike and into collision with the rear end of the motor vehicle of plaintiff with such great force and violence", etc., which was followed by an instruction submitting the case in substantially those terms, was a submission of specific negligence.

Defendant contends the case should not have been submitted to the jury. But in that contention defendant wholly fails to consider the allegations made in paragraph three of the petition, above quoted. The contention is without merit for the allegations of paragraph three amply supports the submission in instruction 1. We agree with defendant that it is the law that the submission instruction must be within both the pleadings and the evidence. Instruction

1 was within both the pleadings and the evidence and the cause was properly submitted to the jury for its determination.

Defendant next complains that plaintiff's instruction 4 on the measure of damages "tells the jury to consider", and assumes the existence of plaintiff's injuries and their permanency, physical pain, medical expenses and their reasonable value and property damage to plaintiff's automobile. We agree with defendant's contention that an instruction must not assume disputed matters to be true. However, we are not in accord with this contention. The instruction told the jury that if they "find the issues in favor of plaintiff and against the defendant" in determining the amount of damages, "you *may* take into consideration" certain enumerated things. Those enumerated things the proof supports. The jury were not told peremptorily "to consider" anything. Nor were there any assumptions in the instruction.

It is further contended that there is no evidence in the record to support the submission in instruction 4 as to "loss of wages, past and future". The instruction limited the recovery for loss of past wages to $350.00. The evidence was that plaintiff lost ten weeks time of an average wage of $40.00 per week. The testimony further established that because of his injuries his earnings had been decreased one-third, that due to disability from the collision he had been unable to accept offered contracts for painting and carpenter work from a great number of people and that his efficiency as a workman was impaired and he could no longer turn out the same amount of work in the same time as before the collision. We think the record evidence amply supports the submission made by the instruction in this respect.

It is also contended that the testimony is insufficient to support instruction [72] 4 in respect to property damage to plaintiff's automobile. Plaintiff himself testified that his automobile prior to the collision was worth $300.00 and immediately thereafter was worth only $100.00. The instruction limited his recovery on this item of damage to $200.00, and plaintiff detailed separate items of damage to his car which total nearly $200.00. He testified he had owned five different automobiles at various times. It has long been the rule that an "owner of an automobile without further qualification may testify as to its reasonable value, and the jury determine the weight and value of such testimony". Hellums v. Randol, 225 Mo. App. 1092, 40 S. W. (2d) 500, Finn v. Indemnity Company of America, 297 S. W. 175 (Mo. App.), State ex rel. Higgins v. Stanton, 296 S. W. 190; 22 C. J. 581. The contention is ruled against defendant.

It is last contended that the verdict of $3500.00 is excessive. After a careful study of the record before us we cannot agree with this contention. Plaintiff lost ten weeks time, his medical expense was quite heavy and he sustained personal property loss. In addi-

tion to other disabling injuries, he sustained a fracture of the left radius which resulted in a traumatic arthritis and inflammation in the joint surfaces of the wrist. This has resulted in a permanent impairment in the motion in the left wrist in all directions, the joint being greatly involved. His ability to use his wrist has been much impaired and his ability to work permanently lessened. No treatment will improve the wrist condition. X-ray pictures established the fracture. His wrist remained swollen months after the collision. His chest struck the steering wheel and he suffered pain in his back and chest for long periods.

We have examined the cases cited by defendant but upon a careful study of this record it is apparent the verdict is not excessive.

Finding no error in the record the judgment of the circuit court is affirmed. It is so ordered. All concur.