### KOENIGSDORF v. COOK.
#### No. 5781.

United States District Court
W. D. Missouri, W. D.

Jan. 26, 1950.

Richard H. Koenigsdorf, Kansas City, Mo., for plaintiff.

Milligan, Kimberly & Deacy, Kansas City, Mo., Thomas E. Deacy, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Attorneys for plaintiff have filed a motion for a new trial wherein they challenge the verdict of the jury in favor of the defendant. This challenge is made upon several grounds: Among others, that the verdict is against the weight of the evidence and that it was markedly unjust; in addition to this, counsel for plaintiff say that the verdict of the jury was "based upon evidence which is false", and that there was error committed by the court in the charge to the jury. It is also claimed that the court failed to instruct the jury in accordance with citations submitted by plaintiff.

These several contentions will be observed and discussed.

As a preliminary to a correct understanding of the case, the following facts should be stated: The plaintiff claimed to have been injured in a collision occurring on September 13, 1948, at a point some distance south of the intersection of 36th street with Broadway in Kansas City, Missouri. Thirty-sixth Street does not extend directly across Broadway at the point where the accident occurred. This is immaterial for the reason that 36th Street enters Broadway from the east at the point in question, and the plaintiff was driving northwardly on the east side of Broadway. There was an operating signal light for the 36th Street intersection, and, obedient to that light, the plaintiff and a large number of cars in front of him had stopped. The defendant was driving an automobile immediately behind plaintiff. Because of the traffic congestion the defendant was several yards south of the 36th Street intersection. When the plaintiff brought his automobile to a stop the defendant's automobile struck the rear of plaintiff's car and drove it forward into another automobile immediately in front of plaintiff. Upon these facts the plaintiff contended that the defendant was negligent and that by reason thereof the collision occurred and plaintiff suffered physical

injuries to himself as well as damages to his automobile. Such injuries and damages form the basis of his suit. There was no dispute about the position of the cars south of the intersection and the fact that many other automobiles were also proceeding northwardly in front of the litigants and had come to a stop in obedience to the signal light for 36th Street. It is plaintiff's theory that he was compelled to stop because of the signal light and the traffic congestion at the point where he did stop, and that the defendant was negligent in driving his automobile into the rear of plaintiff's car.

On the question of liability the above states substantially the evidence of the plaintiff and his witnesses.

On the part of the defendant the evidence was that the plaintiff stopped his automobile without signal or notice to the defendant, who was following, of his intention to do so. Moreover, that his automobile was quickly and suddenly brought to a stop and under circumstances that in the exercise of due care he could not have brought his automobile to a stop in time to have avoided the collision. He further testified that the collision was a slight one and that no material damage was done to plaintiff's automobile and, furthermore, that plaintiff apparently suffered no injury.

■ 1. Counsel for plaintiff rely, and at the trial relied, upon the two cases of Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914 and State ex rel. Spears v. McCullen et al., Mo.Sup., 210 S.W.2d 68, 70.

The first case cited involved an action for a collision where a truck attempted to pass an automobile immediately in front, and, in doing so, collided with such automobile and seriously injured the plaintiff. It was not a case where the automobile in front had come to a stop. All of the circumstances reflect carelessness on the part of the driver of the truck for the reason that he had observed that a high wind was making it difficult for both himself and the automobile in front to keep within the proper lane of travel. Notwithstanding that fact the truck driver undertook to pass, and, in so doing, collided with the automobile.

In the second case relied upon the street car, operating in the City of St. Louis, overtook and collided with an automobile immediately in front. It is true that the automobile in the last cited case was slowing down for an intersection and that another automobile was 8 to 15 feet in front and slightly east of the automobile hit by the street car. In considering the case, the court simply said: "It is negligence for an operator of a street car to so operate the car as to violently drive the front of the street car into the rear of an automobile on the track ahead of the car. The courts have long considered it to be negligence * * *. The jury in the cause found it to be negligence."

In that case, too, there was no evidence that the plaintiff had signaled to the street car that he was slowing down. The instant case is far different. The defendant's automobile was more than 100 feet back from the street intersection and the traffic was heavy. Many cars were in front of the defendant, as well as in front of the plaintiff. At that distance the defendant relied rather on signals from the automobiles in front than the traffic signal so far removed from his view. It was the defendant's contention and his evidence that the plaintiff did not signal his purpose to stop and that in spite of his best efforts his automobile collided with the rear of plaintiff's automobile. There was evidence also that may have raised a doubt in the minds of the jury as to the injury suffered by the plaintiff as well as the extent of damages to the automobile.

All of these questions were submitted to the jury on what the court believed to be proper instructions.

■ 2. The complaint that the court erred in instructing the jury must be held without merit for the reason that counsel made no objections to the charge to the jury. It is true that at the beginning of the trial, and in the nature of a trial brief, able counsel for plaintiff called attention to the cases above discussed. These cases, as indicated, were not in point with this

case and were not helpful in preparing the charge to the jury.

3. A review of the facts does not indicate that there was any false swearing. Moreover, the jury was instructed on the credibility of witnesses and it was for the jury to determine that question. Upon the evidence a debatable issue of fact was submitted to the jury and it resolved such issue in favor of the defendant.

The court is mindful that diligent counsel for the plaintiff have not only urged their contentions in elaborate and well prepared briefs, but they have also courteously asked for an oral argument. Since the case has been again reviewed, it does not seem necessary to take the time of counsel and the court for further discussion. Accordingly, the motion for a new trial should be and will be overruled.