242 S.W.2d 304 (1951)
ROSENBLUM et al.
v.
ST. LOUIS PUBLIC SERVICE CO. et al.
No. 28127.
St. Louis Court of Appeals, Missouri.
September 11, 1951.
*305 Coburn, Storckman & Croft, Thomas L. Croft, and Winston Cook, all of St. Louis, for appellants.
Robert Y. Woodward, of St. Louis, for respondents.
BENNICK, Judge.
This is an action for personal injuries and property damage sustained by the respective plaintiffs as the result of the collision of one of defendant St. Louis Public Service Company's street cars with an automobile owned by plaintiff Morris Rosenblum, and occupied in part by his two sons and coplaintiffs, Henry M. Rosenblum and Sam L. Rosenblum.
The motorman, Paul Lubbert, was joined as codefendant with St. Louis Public Service Company.
Upon a trial to a jury, a verdict was returned in favor of both defendants. Plaintiffs thereupon filed a joint motion for a new trial, which the court sustained upon the ground that the verdict was against the weight of the evidence. In due time defendants gave notice of appeal, and by proper successive steps have caused the case to be transferred to this court for our review.
The case was pleaded and submitted upon the charge that defendant Lubbert, the operator of the street car, had carelessly and negligently allowed the street car to run into and collide with the rear end of the automobile.
Defendants answered separately, each by a general denial.
The accident happened about noon on May 29, 1948, at the Easton Avenue entrance to Sherman Park, which is located on the northwest corner of the intersection of Easton Avenue and Kingshighway Boulevard.
Easton Avenue runs generally east and west, and has double car tracks upon it, the one to the south for eastbound street cars, and the one to the north for westbound street cars.
Morris Rosenblum had given his sons permission to use his automobile on the occasion in question for the purpose of driving to Sherman Park. Henry, the older son, was the driver, while Sam sat in the front seat with him. Two other boys, Donald Donovan and James Banty, occupied the seat in the rear.
The boys turned into Easton Avenue from off of Burd Avenue, which is 5 or 6 blocks west of where the collision took place, and then started eastwardly on Easton Avenue. Nearing their destination, Henry pulled over to the left to enter the park, but found it necessary to stop his car until a line of westbound traffic had passed ahead of him. Henry estimated that he had been stopped "maybe 5, maybe 10 seconds" when an eastbound street car in charge of defendant Lubbert ran into the rear of the automobile, striking it on the left rear corner, and swinging it around until the rear end had been pushed forward for some 5 or 6 feet.
Inasmuch as the court sustained the motion for a new trial upon the ground that the verdict was against the weight of the evidence, the question for our consideration resolves itself into one of whether there was substantial evidence to support a verdict contrary to the one returned. In other words, the situation is the same in its legal aspect as though we were reviewing the court's refusal of defendants' motions for a directed verdict. If plaintiffs made a case for the jury, the order awarding a new trial is to be affirmed, but otherwise it is to be set aside and the verdict reinstated in defendants' favor. Kopp v. Traders Gate City Nat. Bank, 357 Mo. 659, 210 S.W.2d 49; Graves v. Atchison, T. & S. F. Ry. Co., 360 Mo. 167, 227 S.W.2d 660; Hoefel v. Hammel, Mo.App., 228 S.W.2d 402; Westinghouse Electric Supply Co. v. Binger, Mo.App., 212 S.W.2d 445.
In submitting the case plaintiffs hypothesized that the automobile was being driven eastwardly on defendant company's eastbound track; that the street car in charge of defendant Lubbert was behind the automobile, and was being operated in the same direction; that the automobile was brought to a stop at the entrance *306 to Sherman Park; that the street car overtook the automobile; and that defendant Lubbert carelessly and negligently permitted the street car to run into and collide with the rear end of the automobile. It is thus to be seen that plaintiffs submitted the general situation of the respective parties; the fact and manner of the collision; and the action on the part of defendant Lubbert of which they complained. Under such circumstances the charge was one of specific negligence, as to which it seems that counsel are now in full accord. State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68; Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914.
Defendants argue that the evidence was insufficient to make a case for the jury, and that as a consequence the court was not justified in granting plaintiffs a new trial upon the ground that the verdict for defendants was against the weight of the evidence.
In determining this question it is only plaintiffs' evidence that is to be considered, save only as plaintiffs' case may have been aided by anything favorable appearing in defendants' side of the case. Golden v. National Utilities Co., 356 Mo. 84, 201 S.W.2d 292; Ford v. Louisville & N. R. Co., 355 Mo. 362, 196 S.W.2d 163; Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W.2d 601.
According to plaintiffs' evidence, the boys had not seen the street car until momentarily before the collision since the time they had pulled into Easton Avenue from off of Burd Avenue where the street car had been stopped to take on passengers. After entering Easton Avenue, Henry drove the automobile to the south or right of the track until he reached a point about half a block or 200 feet from the entrance to the park, where he pulled over upon the eastbound track so as to be in a position to turn into the park. He continued on the track until he approached the entrance, when he signaled with his arm for a left turn, started his turn towards the entrance, and then came to a stop with his front wheels barely south of the westbound track while he waited for the line of westbound traffic to pass. His brother, Sam, was sitting at an angle in the front seat with him, and from that position caught sight of the street car bearing down upon them from behind just directly before the collision. Sam called out to Henry, who then had a quick view of the street car in his rearview mirror. None of the boys had heard the sound of any gong or other warning from the approaching street car, which proceeded to run into the rear of the automobile and push it forward against another vehicle.
Evidence that the street car, after following behind the automobile for 200 feet, ran into it when it was stopped upon the track opposite the entrance to the park, was prima facie proof of actionable negligence on the part of the operator of the street car. Of course defendants were entitled to resist the imputation of negligence, as they did in fact do, by offering evidence that instead of the collision having occurred as plaintiffs' evidence had shown, the automobile had actually been pulled over upon the track so closely ahead of the street car that when it was suddenly stopped opposite the entrance to the park, the motorman had had no opportunity to avoid a collision. The jury evidently believed defendants' version of the facts, but had they found otherwise, such a verdict would have been supported by substantial evidence. Under the decisions already cited, State ex rel. Spears v. McCullen and Jones v. Central States Oil Co., the evidence was sufficient to take the case to the jury, and this without any regard to the testimony respecting defendant Lubbert's alleged admission that the collision had been all his fault.
The record affords no basis for disturbing the court's action in granting plaintiffs a new trial upon the ground that the verdict for defendants was against the weight of the evidence.
The order sustaining the motion for a new trial should be affirmed and the cause remanded. It is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.