## STATE ex rel. STATE HIGHWAY COMMISSION

### v.

### FLYNN et al.

### No. 28939.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1954.

William E. Buder, St. Louis, Robert L. Hyder, Ralph H. Duggins, Jefferson City, for appellant.

Arthur Kreisman, Louis E. Zuckerman, St. Louis, for respondents.

ADAMS, Special Judge.

This is a proceeding for condemnation of land for public use. A jury returned a verdict assessing landowners damages in the amount of $13,765.

From the trial court's order sustaining landowners' motion for new trial on the ground that the verdict was inadequate, condemnor appealed to the Supreme Court of Missouri. The case was transferred to this Court because the amount in dispute was not affirmatively shown to exceed $7,500, exclusive of costs.

Appellant complains, (1) that the court abused its discretion in granting a new

trial, and (2) that an award of a jury in condemnation is to be given greater weight than in ordinary damage suits.

■ Granting a new trial because the verdict is inadequate is equivalent to saying the verdict is contrary to the weight of the evidence. Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 700(14); Coats v. News Corporation, 355 Mo. 778, 197 S.W.2d 958, 962(6–8) (cited by landowners); State ex rel. State Highway Commission v. Liddle, Mo.App., 193 S.W.2d 625, 629(1, 2) (cited by appellant).

■ The action of the trial court in sustaining the motion for a new trial is presumptively correct. The trial court has wide discretion in passing on such a motion and the appellate court will be liberal in upholding such action. Wormington v. City of Overland, Mo.App., 224 S.W.2d 590, 591(1, 2).

■ The trial court may pass upon the weight of the evidence; we cannot. Its ruling will not be disturbed if there is any substantial evidence to support it. Stith v. St. Louis Public Service Co., supra; State ex rel. State Highway Commission v. Liddle, supra; Rosenblum v. St. Louis Public Service Co., Mo.App., 242 S.W.2d 304, 305(1).

■ We look only to the evidence most favorable to the sustension of the trial court's ruling. Stith v. St. Louis Public Service Co., supra; Rosenblum v. St. Louis Public Service Co., supra, 242 S.W. 2d 306(3).

The condemned property is a brick tenement building fronting 150 feet on the east side of Tenth Street, from Carroll to Julia Streets in the City of St. Louis. The lot upon which it is built has a depth of 50 feet. It consists of a series of 7 attached buildings, each with a first and second floor and basement. At the time of the taking, it was being used and rented as 14 separate apartments. The property is situated in a low income level neighborhood, interspersed with commercial and industrial properties. The block in which it is located is zoned multiple-family dwelling. A description of the condition of the building ranged from "bad" and "extremely poor" to "very good."

Respondents purchased the property in 1946 or 1947 for $11,500 and have expended approximately $10,500 for repairs.

Appellant's evidence showed the property to be worth from $8,550 to $9,563 for the building alone, and from $10,000 to $11,900 for the building and the land. Respondents' evidence showed the property, building and land to be worth from $20,500 to $45,000.

■ Expert appraiser witnesses called by both sides appear to have comparable qualifications. The record discloses no reason why the trial court could not have believed those called by respondents. The opinion of an expert witness alone constitutes "substantial evidence." City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853, 857(7).

■ There was substantial evidence supporting a verdict contrary to the one returned. We, therefore, hold that the trial court did not abuse its discretion in sustaining respondents' motion for a new trial.

■ Respondents are entitled to have other assignments of error in their motion for a new trial reviewed to ascertain whether there are other grounds justifying the affirmance of the order granting a new trial, Cantwell v. Zook, Mo.Sup., 250 S.W.2d 980, 981(1, 2); limited; however, to those assignments not abandoned by respondents' failure to carry them forward in their brief. 42 V.A.M.S. Supreme Court Rule 1.08; Reliable Life Ins. Co. v. Bell, Mo.App., 246 S.W.2d 371, 381(13).

■ One of such assignments is respondents' complaint of the exclusion of evidence of the value of their building as 7 separate and individual units. We think

respondents are correct in their position and that the exclusion of such evidence was error.

The availability or adaptability of property for certain uses, if not based on mere speculation or conjecture, is a proper factor to be considered in determining the question of its value. City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo. App. 200, 168 S.W.2d 149, 157(24, 25); State ex rel. State Highway Commission v. Cox, 336 Mo. 271, 77 S.W.2d 116, 119 (2, 3).

There was testimony that respondents' property was comprised of "attached buildings"; "a row of houses or attached dwellings, each unit having 6 rooms, with a basement underneath"; "subject to be sold as separate individual units and that that use can easily be made of that property"; that they were "attached single flats"; "with what are known as 'party walls' between them"; they could be sold as "individual buildings"; and "occupied by separate individual owners".

There was also testimony that respondents had a prospective purchaser of one of the units, consisting of the first and second floors, as a residence.

One appraiser-witness testified that there would be a "pretty big difference" in the value as between a consideration of the property as one unit and as separate units.

The evidence showed that the building, as now constructed, is specifically adapted for use as separate residences or units, and that its availability and adaptability for such use adds to the market value. The evidence is not speculative. Such use is not contingent upon any material change of conditions of the structure of the building. It is a practical and present utility to which the building can be put. Such evidence was competent. Bonaparte v. Mayor and City Council of Baltimore, 131 Md. 80, 101 A. 594, 595(4).

Respondents also complain of the exclusion of evidence of the rental value of the apartments furnished. The ulti-

mate measure of respondents' damages for the taking of their property is its market value. Rental income, insofar as it throws light on market value is material and proper. City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600, 607 (15–22). It is proper as a possible capitalization factor to assist in the determination of actual market value. Chicago, B. & Q. R. Co. v. North Kansas City Development Co., 8 Cir., 134 F.2d 142, 152 (17, 18). But it is the rental income from the property taken, viz.: real estate, and not the rental income from real estate and personal property, such as furniture, that may be considered.

Evidence of rental income from the apartments unfurnished was properly admitted. Capitalization of these rents would reflect the market value of the property as real estate, that which was actually taken. Capitalization of rental income from furnished apartments would reflect the market value of the real estate plus personal property, which is not taken.

Limiting the evidence on rentals to that received from the unfurnished apartments was not error.

The cases cited by appellant to support its claim that the Court abused its discretion in granting a new trial do not sustain appellant.

There is nothing in the cases cited by appellant under its second point justifying the conclusion that the award of a jury on trial of exceptions in a condemnation case deserves any greater weight than the verdict of a jury in other cases; and none should be accorded.

The order sustaining respondents' motion for a new trial is affirmed on the ground assigned by the trial court and also because of error committed in excluding evidence of the value of the condemned premises as separate and individual units.

ANDERSON, P. J., and BENNICK, J., concur.