Ernest L. BUELL, Respondent,

v.

Robert Frank IRWIN, Appellant.

No. 47656.

Supreme Court of Missouri,

Division No. 2.

March 14, 1960.

George T. O'Laughlin, Kuraner, Freeman, Kuraner, Oberlander & Lamkin, Kansas City, and Williams & Norton, North Kansas City, for appellant.

Blackford, Imes, Compton & Brown, J. William Blackford, Kansas City, Ted V. McGuire, Kansas City, for respondents.

BARRETT, Commissioner.

The respondent, Buell, instituted this action to recover $25,000 damages for personal injuries against the appellant, Irwin, and Mrs. Constance Brown. At the close of the plaintiff's evidence the trial court dismissed the action as to Mrs. Brown for lack of service of process, and directed a verdict in favor of Irwin, apparently on the theory that Buell's evidence was not sufficient to support a finding that Irwin was guilty of "any act of negligence as alleged in the plaintiff's petition." Thereafter the trial court granted the plaintiff Buell a new trial on the specified ground that the court had erred "in sustaining defendant's motion for a directed verdict, made at the close of plaintiff's evidence," and the defendant appeals from the order granting the new trial.

In brief, as testified to by Mr. Buell, the facts were that on May 15, 1956, about 10:50 P.M. he was traveling east on Highway 169 on his way home in his 1951 Chevrolet "sedan delivery" truck. He obeyed a stoplight at the junction of Highways 169 and 71 and proceeded on down the highway toward a culvert or bridge at Riverside. He was not aware of the fact that a truck driven by Irwin was following him. As he approached the bridge at a speed of 20 to 25 miles an hour and was some distance from it he saw an automobile, driven by Mrs. Brown, approaching from the opposite direction. "It looked like she was going to run into the bridge" and he started "slowing down and crowding over to the right" to the edge of the bridge railing. But, he says, as Mrs. Brown "just about got to the bridge she swerved over to miss the bridge and continued on and she come over on my side and hit me." Mrs. Brown's automobile struck the left door, causing Buell's truck to scrape against the side of the bridge. Because of the impact of these two vehicles Buell "flew up in the air, hit the ceiling," and when he was "about half way back down" Irwin's truck struck his truck "from the rear" and knocked it forward about 60 feet. He had "just slowed down gradually" and when the vehicles collided he said that he was traveling at a speed of "I would judge maybe 10 miles an hour." ·

· Among other things the plaintiff alleged in his petition that he was "lawfully driving his truck" in an easterly direction on Highway 169 two-tenths of a mile east of the junction of Highways 169 and 71, and that the defendant Irwin was driving his vehicle in an easterly direction on the highway in a position "immediately behind this plaintiff." In paragraph 7 he alleged "That at the time and place stated in paragraph No. 5 hereof, plaintiff's automobile was struck and violently collided with head on by an automobile driven by one Constance Patricia Brown, and was immediately thereafter struck and violently collided with by the automobile driven by defendant Robert Frank Irwin." In paragraph 8 and its three subparagraphs the plaintiff alleged that Irwin was negligent in these three particular respects, that he drove his truck at an excessive and dangerous rate of speed, that he failed to keep a proper lookout ahead and laterally and that he operated his vehicle in such close proximity to the plaintiff's truck that he was unable to stop in time to avoid colliding with it

■ It is the appellant's position that there is no evidence from which the jury could find that he was negligent in any of the respects set forth in paragraph eight of the petition and therefore it is urged that the trial court erred in granting the plaintiff a new trial. It is said that there is no evidence from which the jury could find that he drove at a negligent rate of speed, or failed to keep a proper lookout or drove too close to the plaintiff's truck and therefore a finding of negligence in any of these respects would only be based on speculation and conjecture. It is not necessary to a disposition of this appeal to consider whether "there was at least circumstantial evidence sufficient to authorize the submission of any of these" specifications (Jones v. Central States Oil Co., 350 Mo. 91, 98, 164 S.W.2d 914, 917) because lack of evidentiary support in these respects would not preclude the plaintiff from submitting instead any other alleged and supported act of commission. This precise point and situation, including almost identical allegations, was involved in State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68, 70. And in that case it was held that the allegation in the paragraph corresponding to paragraph 7 here, a "rear-end collision," was a charge or allegation "of specific negligence." The court said, "The specific thing charged in the above quoted third paragraph of the petition is the negligent operation of the street car by a specific person, the operator thereof, in that, while plaintiff was operating his automobile westwardly on Lockwood, and when approaching Gray Avenue, the street car operator was negligent in that he violently drove the

front end of the street car into the rear end of plaintiff's automobile. The charge is specific in alleging who did it, what was done, the manner in which it was done, the general situation and where it was done. It is negligence for an operator of a street car to so operate the car as to violently drive the front of the street car into the rear of an automobile on the track ahead of the car." See also Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360, in which the plaintiff had not pleaded the rear-end doctrine initially but was permitted to amend the petition to conform to the proof.

The appellant urges nevertheless, since this was a three-vehicle collision, that the rear-end collision doctrine is not applicable. "Due to the unusual circumstances in evidence including the fact that plaintiff was hit violently 'head on' in his left front door and knocked into the side of a bridge all by a third party, this case does not come within the so-called 'rear end doctrine' which allows the jury to find negligence where the 'rear end' collision itself is the unusual occurrence." While the circumstances of the collisions were not identical, Vinson v. East Texas Motor Freight Lines, Mo., 280 S.W.2d 124, likewise involved a three-vehicle collision as well as a barricade at one end of a bridge. And in that case it was held not error to submit the issue as to whether the following vehicle had been negligently permitted to collide with the rear end of the vehicle preceding it. In State ex rel. Spears v. McCullen, supra, the plaintiff did not see the streetcar following his automobile and in Witherspoon v. Guttierez, Mo., 327 S.W.2d 874, the collision occurred at 12:30 A.M., and in both of those cases it was held that the evidence supported the submission of the specific act of negligence of driving a motor vehicle into the rear end of a preceding vehicle

When, as here, the plaintiff's evidence makes a prima facie case of negligence upon any theory it is not proper to direct a verdict and enter judgment for the defendant. Trower v. Missouri-Kansas-Texas R. Co., 347 Mo. 900, 149 S.W.2d 792; Holmes v. McNeil, 356 Mo. 763, 203 S.W. 2d 665. Accordingly the order granting plaintiff a new trial is affirmed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, P. J., EAGER and STORCKMAN, JJ., and JAMES W. BROADDUS, Special Judge, concur.