**Gerald Lee SPRADLING, Appellant,**

v.

**GENERAL FOODS CORPORATION, Appellee.**

**No. 84–2022.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1985.

Decided June 17, 1985.

Rehearing and Rehearing En Banc Denied Aug. 12, 1985.

Donald Schlapprizzi, St. Louis, Mo., for appellant.

Larry Valentine, St. Louis, Mo., for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and HANSON *, Senior District Judge.

HEANEY, Circuit Judge.

In this diversity action, Gerald Lee Spradling sued General Foods Corporation for personal injuries he sustained on a General Foods loading dock. At the close of Spradling's case, the district court entered a directed verdict for General Foods. Spradling appeals, arguing that the district court erred in directing a verdict because Spradling pleaded and proved a submissible case which should have gone to the jury. For the reasons cited below, we reverse and remand.

Spradling, an experienced over-the-road trucker, had been dispatched to General Foods' underground warehouse facility to pick up an order. The warehouse, which is built in a cave, holds several commercial storage tenants arranged on a grid of streets. The roof of the cave is supported by square pillars which are numbered to help orient users of the warehouse. Be-

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

cause Spradling had not been to the warehouse before, he telephoned General Foods and learned how to find its loading dock. When he arrived at the General Foods dock (which comprises twenty-one loading dock doors, separated by seven pillars), he was unable to see the warehouse office and the sole set of steps for the loading dock because other trucks blocked his view. Spradling parked his truck and sought instructions on how to pick up his load. Because the steps were obscured, Spradling used the truck loading area to enter the warehouse. He pulled himself up the four feet to the loading dock surface and squeezed through the fifteen-to-eighteen inch space between the truck and the wall. After learning where he was to pick up his load, Spradling asked if there were steps or a ladder he might use to get on and off the loading dock; he was told there were none, so he reversed his method of entry, squeezing past the truck and dropping the four feet to the street level.

Spradling moved his truck to the proper dock and loaded it. When he left the dock for the last time, he was injured. After squeezing through the opening and lowering himself toward the pavement, he lost his balance and started to fall forward. To right himself, he took several quick steps forward and felt immediate pain in his lower back.

Spradling sued in district court, alleging that he had sustained a permanent back injury due to General Foods' negligence in failing to provide safe access to their loading dock. After two days of trial testimony, the district court granted General Foods' motion for a directed verdict from which Spradling appeals.

In reviewing the grant of a directed verdict, we consider the record

under well established principles that [a directed verdict] should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the non-moving party. The evidence together with all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. It should not be granted unless the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion.

*Parker v. Seaboard Coastline R.R.*, 573 F.2d 1004, 1007 (8th Cir.1978) (citation omitted).

Naturally, if Spradling had been able to establish a prima facie case of negligence, submission to the jury would have been the proper course. *See Buell v. Irwin*, 332 S.W.2d 929, 931 (Mo.1960). Accordingly, we review the record with this standard in mind.

Spradling presented a theory of the case which we believe was sufficient to withstand the challenge of a directed verdict motion. He argued that General Foods' failure to provide a safe loading dock (without convenient stairs or ladders) constituted a failure to use care in providing a safe means of egress or ingress. *See O'Connell v. Roper Electric Co., Inc.*, 498 S.W.2d 847, 853 (Mo.App.1973). The absence of a nearby ladder or stairway or instructions to the closest stairway is important. In addition, we note evidence of General Foods' knowledge of the condition: the manager knew of and discouraged this means of ingress and egress, and the foreman knew this practice was particularly common among drivers unfamiliar with the facility. Although the plaintiffs may not recover for injuries caused by known or obvious dangers, "knowledge" includes "not only knowledge of the existence of the condition or activity itself, but also *appreciation of the danger it involves.*" *Chism v. White Oak Feed Co., Inc.*, 612 S.W.2d 873, 879 & n. 2 (Mo.App.1981) (citing Restatement of Torts 2d, §§ 343, 343A and Comment b) (emphasis added). From our review of the record, we believe the balance of the evidence of General Foods' negligence and the absence of evidence of Spradling's appreciation of the danger involved made a directed verdict improper.

Accordingly, we reverse and remand for proceedings consistent with this opinion.