MARY BIEHLE, Appellant, v. W. T. FRAZIER, d/b/a CRYSTAL CABS, Respondent, No. 41532—232 S. W. (2d) 465.

Division Two, September 11, 1950.

*Ennis & Saunders* for appellant.

*Dearing & Matthes* and *Will B. Dearing* for respondent.

BARRETT, C.—A jury returned a verdict for the defendant in Mary Biehle's action for $25,000 damages against a taxicab for personal injuries. The sole question upon her appeal is whether the trial court erroneously and prejudically instructed the jury. In her petition Mrs. Biehle pleaded that she was a passenger and that the defendant negligently injured her in that *"before the plaintiff became seated, and while she was preparing to become seated,* the said automobile taxicab * * * *started suddenly forward with a jerk,* whereby the plaintiff was thrown back upon the seat or against the arm of the seat causing severe injury to her coccyx * * *."

In one instruction the defendant's liability was hypothesized in this language: "* * * the plaintiff entered said taxicab as a paid passenger and was in the act of being seated and that *while she was preparing to be seated and before she had reasonable time or opportunity to do so,* defendant's servant, agent or employee in charge of said taxicab *negligently* and carelessly *caused or suffered said taxicab to be started,* and that thereby the plaintiff was caused to be thrown and to fall back * * *." A second instruction charged the jury that it was the duty of the taxicab to allow the plaintiff a reasonable time to be seated before starting and required a verdict for the plaintiff if the jury found that the driver of the "taxicab *started it before the plaintiff had had reasonable time to be seated* and did not exercise the utmost care in starting *so as not to jar or upset the plaintiff* and that as a result thereof the plaintiff was injured, * * *."

Against these instructions and this submission the court gave the instruction of which the appellant complains:

"The Court instructs the jury that you cannot find for the plaintiff and against the defendant upon a mere finding that plaintiff was injured, if you do so find, while riding as a passenger in one of the defendant's cabs. *Neither can you return a verdict in favor of the plaintiff upon a finding that she was injured as the cab started in motion as under the law the defendant would not be responsible for any injury received by the plaintiff as the result of the usual motion of a motor vehicle being started in operation. Therefore, if you find and believe from the evidence that the plaintiff's injuries were not caused by the taxi driver starting said cab suddenly and with a jerk, then, under the law, it is your duty to return a verdict in favor of the defendant,* W. T. Frazier."

The underscored language in this instruction plainly limits and restricts the plaintiff's right to recover to a finding that the taxicab "started suddenly forward with a jerk," as the plaintiff pleaded in her petition. It plainly contradicts, if it does not completely destroy, her right to recover upon the hypothesization that

the driver started the taxicab forward before she had ▮ a reasonable opportunity to be seated. The respondent argues, however, that the instruction given at his behest may not be said to be prejudically erroneous because the second instruction, given at the plaintiff's request, was also erroneous. It is his contention that the second instruction is not within the purview of either the pleadings (Lairson v. Kansas City Rys. Co., (Mo. App.) 232 S. W. 484) or the evidence. Simms v. Dunham, (Mo. App.) 203 S. W. 652; Boles v. Dunham, (Mo. App.) 208 S. W. 480. Needless to say, if there was no evidence in support of the plaintiff's second instruction it was error to give it (Quigley v. St. Louis Public Service Co., (Mo.) 201 S. W. (2) 169), and in that circumstance there could be no possible error in defendant's instruction which, in effect, withdrew that hypothesization of negligence from the jury's consideration. But, if there was evidence of premature starting of the cab in such circumstances as to constitute negligence, the evidence came in without objection and there was no claim of surprise and the plaintiff would be entitled to amend her petition to conform to the proof and to a submission of her case upon that hypothesis. Hayward v. People's Motorbus Co., (Mo. App.) 1 S. W. (2) 252. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." Mo. R. S. A., Sec. 847.82. In Shapiro v. Yellow Cab Co., 79 F. Supp. 348, the plaintiff charged that a cab company and a railroad were negligent with reference to a hole in a driveway but there was evidence, aside from the hole, from which the jury could reasonably find that the defendants were negligent in other respects. The court said: "This evidence was introduced either by the plaintiff, without objection, or was produced by the defendants. In accordance with Rule 15(b) of the Federal Rules of Civil Procedure, the issues of fact raised by the evidence, although not raised by, should have been treated as if they had been raised in, the pleadings."

▮ Of course, there is no breach of duty and no liability upon a carrier for the normal movement and starting of its vehicles and some public carriers may not be negligent in starting their vehicles after

1072

the passenger has boarded the vehicle but before he has reached a seat. 13 C. J. S., Sec. 729, p. 1366. There may be a difference in starting a train (Rhodes v. Missouri Pac. R. Co., 213 Mo. App. 515, 255 S. W. 1084) before the passenger is seated, or a streetcar. Mendenhall v. Springfield Traction Co., (Mo. App.) 26 S. W. (2) 50. "Common experience shows that it is the general custom to start street cars before passengers are seated, * * *. But, whilst it is not positively unlawful to do so under any circumstances, yet it is not lawful to do so under all circumstances, and whether or not it is negligence to do so in a particular case, is a question of fact in the light of the circumstances." Benjamin v. Metropolitan Street Ry. Co., 245 Mo. 598, 608, 151 S. W. 91, 94. There is also a difference in accelerating the speed of a vehicle as a passenger attempts to alight (Abramovitz v. Wellston Taxi Co., (Mo. App.) 208 S. W. (2) 834) and in starting it after he has gotten on board. There is also a distinction in the sudden or violent jerk and sudden stopping of a taxicab after the passenger is seated (Conley v. Town Taxi, 298 Mass. 130, 10 N. E. (2) 74) and in prematurely starting a taxicab before the passenger has had a reasonable opportunity to become seated. Unlike in the instance of trains and streetcars or even of busses it is not a usual ▆▆▆ operation of an automobile or taxicab to start before the passenger is seated and the respondent does not question his liability if there is evidence that his cab was prematurely started before Mrs. Biehle had a reasonable opportunity to be seated (Hayward v. People's Motorbus Co., supra) and that in fact is the substantial question upon this appeal.

The defendant claimed, and his evidence tended to support the claim, that the cab driver was not negligent in any manner,—in either prematurely starting the cab or in starting it with a sudden jerk. Another passenger testified that the cab did not start with a jerk. The driver said that the plaintiff entered the cab, that "She sat down and I shut the door" and delivered her at her destination, apparently without mishap and not knowing that she had been injured. It was dark when Mrs. Biehle entered the taxicab and she said that she shut the door. In describing the occurrence she testified:

"Q. What occurred after you got in the taxicab?

A. I got in and started to sit down and the cab started and I fell back.

Q. How did the cab start? A. It jerked as it started out.

* * * *

Q. What did you say occurred when you got in the car you sat down? A. The car started up.

Q. Then what occurred? A. I fell back.

Q. Do you know what you fell against, if anything? A. I am not sure what I fell against. I know I hit something hard."

In commenting on the quoted testimony the respondent underscores "It jerked as it started out" and says "Can anything be more plain than the fact that the plaintiff at the trial below contended that the cab started with a jerk? She did not testify that a premature starting of the cab caused her to fall or sit down but unequivocally stated that as the car started it jerked and it was the jerk which caused her to fall back." The answer to the first question is that she did testify, unequivocally, that the cab started forward with a jerk. That is the perfectly obvious inference and implication of the testimony, but is it the only fair and reasonable inference? Is it so plainly the only inference that a jury should not be permitted to reason upon the evidence and come to another conclusion and draw the additional inference that the cab was prematurely and therefore negligently started before the plaintiff became seated and was the proximate cause of her injuries? She said: "I got in and started to sit down and the cab started and I fell back." Is not that as plainly testifying that the cab was prematurely started before she had a reasonable opportunity to be seated as "It jerked as it started out" is as plainly testifying that it started with a jerk? The respondent's own construction of the occurrence, as described by Mrs. Biehle, includes a premature starting, the only difference is in the emphasis upon "jerk." If, as we have indicated, it is hazardous or there is a risk of mishap and injury in starting an automobile—taxicab while the passenger is standing or is on her feet and before she is seated, it is certainly a breach of duty and negligence whether it is done by a "jerk" or in merely starting forward. The only possible distinction is one of degree of hazard and likelihood of injury. In Hayward v. People's Motorbus Co., supra, the evidence was that "The deceased * * * stepped upon the platform with his left foot, and grasped the guard rail with his left hand (while the bus was yet at a standstill); and while he was thus situated, the bus was suddenly and unexpectedly started forward, causing him to lose his balance and fall to the street, thereby sustaining the injuries by reason of which this action was brought." Even in a bus case the court said, 1 S. W. (2), l.c. 254, "the starting of the bus before an opportunity had been afforded the deceased of reaching a place of safety therein was an act of negligence, and, the injuries suffered by him having been directly and proximately caused thereby, a case was made for submission to the jury * * *."

There was evidence from which the jury could reasonably find the hypothesis of the appellant's instructions and the respondent's instruction erroneously withdrew that hypothesis if it did not completely ▮▮▮ destroy it and for that reason the appellant is entitled to a new trial.

There is of course no possible merit in the appellant's claim that the evidence was insufficient to support the jury's verdict for the de-

1074

fendant and that the trial court erred in overruling her motion for a directed verdict. Cluck v. Abe, 328 Mo. 81, 40 S. W. (2) 558. The court did err, however, in giving the instruction complained of and accordingly the judgment is reversed and the cause remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.