251 S.W.2d 360 (1952)
HUGHES
v.
ST. LOUIS PUBLIC SERVICE CO. et al.
Nos. 28376, 28377.
St. Louis Court of Appeals, Missouri.
September 16, 1952.
Rehearing Denied October 17, 1952.
*361 Carroll J. Donohue, H. Jackson Daniel and Salkey & Jones, St. Louis, for defendant-appellant, St. Louis Public Service Co.
Hullverson & Richardson, St. Louis, for respondent.
BENNICK, Presiding Judge.
This is an action for damages for personal injuries sustained by plaintiff, Mildred Hughes, when a service car in which she was riding as a passenger was struck in the rear by a street car owned and operated by defendant St. Louis Public Service Company.
The service car was owned by one Robert Redmond, and was being operated at the time by his employee, A. B. Patton. Both Redmond and Patton were joined as defendants along with St. Louis Public Service Company.
The accident happened in the City of St. Louis at a point on Easton Avenue slightly west of Vandeventer Avenue. Patton was driving his service car westwardly on Easton Avenue, and after stopping on the west side of Vandeventer Avenue to permit one of his passengers to alight, he angled directly over upon the westbound street car track on Easton Avenue and then continued on his course to a point about the middle of the block, when the service car was struck in the rear by one of defendant St. Louis Public Service Company's westbound Wellston street cars which had come up from behind and overtaken it.
The case was submitted against defendant St. Louis Public Service Company upon the charge that after the service car had been operated westwardly upon the street car track for a distance of one hundred feet or more, the street car overtook the service car and was carelessly and negligently permitted by its operator to run into and collide with the rear end of the service car, whereby plaintiff was caused to receive her injury.
For reasons which will presently appear, the theory upon which plaintiff's case was submitted against defendants Redmond and Patton is now immaterial. So also as *362 regards the cross-claim asserted by defendant Redmond against defendant St. Louis Public Service Company for the damage done to his service car.
On plaintiff's cause of action the jury found in favor of plaintiff, and against all three defendants, in the sum of $3,000. On defendant Redmond's cross-claim the jury found against him, and in favor of defendant St. Louis Public Service Company.
Judgment was entered in accordance with the verdict; and following the overruling of the several motions for a new trial or for judgment, defendant St. Louis Public Service Company filed its separate notice of appeal to this court, while defendants Redmond and Patton joined in a like notice of appeal.
As a consequence of the filing of two notices of appeal in the trial court, copies of both were transmitted to this court, and as each copy was received it was filed under a docket number of its own. However this does not mean that there are two cases pending in this court, each of which is to be disposed of separately, but instead there is only the single case before us, just as there was in the court below. Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243; Waterman v. Waterman, Mo.App., 210 S.W.2d 723; Montana v. Nenert, Mo.App., 226 S.W.2d 394. Defendant St. Louis Public Service Company has perfected its appeal, but defendants Redmond and Patton have done nothing towards complying with the rules since giving notice of appeal. Consequently their appeal must be dismissed, leaving the case to stand in this court as though they had filed no notice of appeal, and to be determined upon the points relied on by defendant St. Louis Public Service Company.
It will be observed that plaintiff's case against defendant St. Louis Public Service Company was submitted upon what the latter's counsel refer to in their brief as the rear-end collision doctrine. By this they mean the doctrine or rule of law which recognizes that if one person has his vehicle in a portion of the highway where he should have it or is entitled to have it in view of the course in which he is proceeding, and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other person in charge of the overtaking vehicle. Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914; State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68; Rosenblum v. St. Louis Public Service Co., Mo.App., 242 S.W.2d 304; Hollensbe v. Pevely Dairy Co., Mo.App., 38 S.W.2d 273.
As the petition had been drawn, and as it had stood throughout the trial, it had lacked sufficient language to charge defendant St. Louis Public Service Company with actionable negligence under the rearend collision doctrine, but had instead been confined to allegations of negligence under the humanitarian doctrine and in failing to keep a lookout and a vigilant watch. In other words, in drawing the petition the pleader had obviously had no thought of invoking the rear-end collision doctrine as a ground of recovery against defendant St. Louis Public Service Company; and in the portion of the petition setting forth the manner in which the collision had occurred had consequently neglected to state specifically and with particularity that the street car had been following behind the service car, and that it had been caused to overtake and strike the service car in the rear.
After the close of the evidence, and while court and counsel were considering the instructions, plaintiff's counsel sought and obtained permission, over defendant St. Louis Public Service Company's objection, to amend the petition so as to supply the omissions in the statement of a case under the rear-end collision doctrine. Defendant St. Louis Public Service Company now contends that the court erred in permitting such amendment setting up a new ground of negligence upon which plaintiff relied exclusively in the submission of her case against it; and that in any event the evidence was insufficient to justify the court in overruling the motion for a directed *363 verdict and in submitting the case upon the theory in question under plaintiff's instruction No. 1.
We can see no basis for interference with the action of the court in permitting the amendment to the petition. Counsel concede that under both the spirit and the letter of our code great liberality is to be indulged in the amendment of pleadings at any stage of the proceeding. Sections 509.490, 509.500 RSMo 1949, V.A.M.S. In fact, the question of whether a particular amendment shall be allowed is primarily a matter within the discretion of the trial court, reviewable only for abuse. Runnion v. Paquet, Mo.App., 233 S.W.2d 803. In this instance the evidence could not have been substantially different if the petition had at all times contained the few additional words that were subsequently inserted at the end of the case. Plaintiff's evidence would necessarily have been identical with respect to the movements of the service car; and the motorman would undoubtedly have still testified that the service car passed the street car on the right and then pulled sharply over upon the track and stopped so suddenly in front of the street car as to have given the motorman no chance to avoid the collision. Regardless of how the petition might have read, the same direct conflict in the evidence would have been present for the jury to resolve. As the case was tried, and as the evidence came in, there was no abuse of discretion in permitting plaintiff to amend in conformity with the proof and to submit her case on such hypothesis. Biehle v. Frazier, 360 Mo. 1068, 232 S.W.2d 465; Cooley v. St. Louis Public Service Co., Mo.App., 236 S.W.2d 31.
Nor was error committed in overruling the motion for a directed verdict and in submitting the case by plaintiff's instruction No. 1. All the evidence was agreed that the street car did run into and strike the rear of the service car. However the evidence was in no sense limited to the mere showing of a rear-end collision. On the contrary, there was testimony that after getting on the track at a point twenty-five feet west of Vandeventer Avenue, the service car then proceeded one-fourth of the block before the happening of the accident. Furthermore, as defendant Patton pulled out from the curb and drove over towards the track, he looked in his side-view mirror and could not at that time observe the approaching street car, although he could see back across Vandeventer Avenue. If his and plaintiff's own testimony was to be believed, there was ample opportunity for the operator of the street car to have avoided the collision; and the question of the operator's responsibility for the accident was one for the jury to determine.
The objections leveled against the instruction are, first, that it failed to hypothesize sufficient facts to warrant a finding of negligence on the part of the operator of the street car, and second, that in so far as it did undertake to submit the question of the operator's negligence in causing and permitting a rear-end collision, it was inconsistent with the petition in which it is claimed that irrespective of plaintiff's assumption to the contrary, no such charge of negligence was actually alleged even after the amendment.
Neither of such objections is in anywise tenable. The instruction, conforming to the testimony of plaintiff herself and defendant Patton, hypothesized the fact that the street car was being operated behind the service car in the same direction, and that after the service car had been driven on the track for a substantial distance, the street car overtook it and was carelessly and negligently allowed to run into it. This was a sufficient hypothesis to warrant a finding of actionable negligence under the authority of Jones v. Central States Oil Co., supra. Nor can it be said that the charge of negligence submitted by the instruction was not embraced in the petition. On the contrary, the petition described the manner in which the collision had occurred, and alleged that it was the direct and proximate result of the carelessness and negligence of the defendants. The precise point under an almost identical situation was ruled adversely to the present contention in State ex rel. Spears v. McCullen, supra.
*364 For its next point defendant St. Louis Public Service Company urges that the court erred in permitting counsel for defendants Redmond and Patton to argue matters extraneous to the record and beyond the evidence, which, it is claimed, created prejudice against it and tended to cause the jury to hold it liable for plaintiff's injury along with defendants Redmond and Patton.
There are two matters embraced within the point, the one, counsel's suggestion that the motorman's failure to see the service car was due to the fact he was counting change and was not looking ahead; and the other, counsel's argument to the effect that if there was any difference in the degree of care required of the driver of the service car on the one hand and the operator of the street car on the other, counsel was not aware of it. Suffice it to say that the court expressly sustained the objection to the argument relating to the respective degrees of care, so that the question of the argument that the motorman may have been counting change is the only matter left for our review.
It is true that there had been no evidence that the motorman had been engaged in counting change immediately before the collision. However counsel did not pretend that there was any such evidence, but on the contrary frankly admitted that he was only suggesting what he himself surmised had happened. If plaintiff's own testimony and that of defendant Patton was to be accepted as true, there was obviously some reason for the motorman's failure to have seen the service car on the track ahead of him; and with due regard for the wide latitude that is allowed in argument to a jury, there was no impropriety in permitting counsel to suggest his own explanation of the occurrence for whatever it was worth, so long as it was made clear that there was no claim of any such evidence, but that what he was asserting was merely his own supposition.
The final point for decision is whether the verdict of $3,000 was excessive.
The force of the collision was such as to throw plaintiff from the front seat of the service car back to the floor in the rear and to cause her to be rendered unconscious. She was taken to her home in an automobile, and remained in bed for a week and a half. She consulted her attending physician regularly for two months, and continued to see him occasionally thereafter.
Her chief injury consisted of a cerebral concussion. Lesser injuries were to her neck, lower back, and stomach. Her principal disability is from occasional headaches, dizziness, and nausea, which she was still experiencing at the time of the trial, more than a year after the accident, and which her medical evidence disclosed to be a permanent condition. The severity of her headaches frequently makes it necessary that she lie down at work. She had lost something like four months from her employment, and had incurred a doctor's bill of $65. It was apparently assumed in the interrogation of witnesses that she was twenty-eight years of age.
The trial judge, who had the power to weigh the evidence, did not believe that the verdict was excessive. Our power of review is far more limited than his, being confined to the question of whether the amount of the verdict is so large as to transcend all reason and shock the judicial conscience, the nature and extent of the injury considered. We are convinced that the record does not present a situation which would call for appellate interference.
The appeal of defendants Redmond and Patton should be dismissed and the judgment affirmed. It is so ordered.
ANDERSON, J., and LA DRIERE, Special Judge, concur.