**Milton W. KOPFF, Plaintiff-Respondent,**

v.

**Kenneth MILLER and Betty Miller, Defendants-Appellants.**

No. 34981.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 23, 1973.

Motion for Rehearing or Transfer Denied
Nov. 13, 1973.

Shaw & Howlett, Keith W. Hazelwood, Clayton, for defendants-appellants.

Politte & Thayer, Washington, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal by defendants-appellants, Kenneth and Betty Miller from a judgment of the Circuit Court of Franklin County entered upon a jury verdict in favor of plaintiff-respondent, Milton W. Kopff.

Plaintiff Kopff brought suit on a promissory note dated January 17, 1963 in the principal amount of $3,500.00 payable to him and signed by Kenneth and Betty Miller. The note provided that "Sixty days after date, for value received we promise to pay to the order of Milton W. Kopff Thirty Five Hundred Dollars" with "interest at six percent per annum after January 17, 1963 until paid." The note also authorized attorney's fees in the amount of $420.00.

On February 23, 1972, Kopff instituted suit by the filing of his petition against the Millers and alleged nonpayment. In due and proper time the Millers filed their answer denying certain allegations of the petition and affirmatively alleged "failure of consideration." Trial before a jury commenced July 27, 1972. Mr. Kopff testified that he was formerly in the plumbing contracting business. In 1963 he worked as a subcontractor for Miller on the Pacific Baptist Church building in Pacific, Missouri, and that when he completed the plumbing work, there was a balance due of $3,500.00. At his request, Mr. and Mrs. Miller signed the note in question, and no principal or interest had been paid although the makers were requested several times to do so.

During the cross-examination of the plaintiff, and out of the hearing of the jury, the attorney for the defendants informed the court that Mr. Miller would testify to the fact that at the time this note became due Mr. Miller and Mr. Kopff had reached an agreement whereby Mr. Miller had assigned his contract with the trustees of the Pacific Baptist Church to Mr. Kopff which was the payment for the note. The attorney for the defendants desired to inquire whether Kopff had received any payments pursuant to that agreement. Whereupon, plaintiff's attorney indicated that "Now, he's trying to bring in around-the-corner payment. Now, if Mr. Kopff has received payment they should have alleged it in their [answer]." After the colloquy the Court permitted defense counsel to "ask the question if he's been paid . . . by anyone." When asked whether he "at any time [received] any payments direct from the trustees of the Pacific Baptist Church", Mr. Kopff answered in the negative.

Mr. Miller testified that he was the general contractor for some work to be done for the Pacific Heights Baptist Church, and he subcontracted the plumbing to Mr. Kopff. The work done by Mr. Kopff was satisfactory, but he did not personally pay for the work.

Miller testified that the subcontractors were paid through a bank, and that Mr. Kopff was "paid off at Community Federal in Clayton, Missouri." He admitted signing the note but did not remember why.

During direct examination, Miller's attorney asked, "Did you do anything with the contract you had with the trustees and Mr. Kopff?" An objection was made on the ground that the note was signed by Miller and "they haven't alleged payment." To allow further questioning it was contended would bring in a "collateral issue at this late date . . ." The Court commented that the matter was not pleaded, whereupon defendants' attorney requested leave to amend the pleadings to conform to the evidence. The Court declined to allow the amendment. Despite this, defendants' attorney asked Mr. Miller whether he knew Mr. Kopff ever "received any money from anybody on that note." And Miller

replied that he was "paid off on the note at Clayton, Missouri."

Mr. Kopff was called as an adverse witness in the defendants' case, and defense counsel sought to show that Kopff failed to file a mechanic's lien on the church property. The trial court refused to permit defense counsel to inquire respecting the failure of the plaintiff to file a mechanic's lien.

One of the former trustees of the church testified that funds for the construction were placed in escrow for disbursement to the subcontractors. He testified that all the subcontractors were paid for the services that were rendered in the construction of the church, although on cross examination he indicated that he did not know whether Kopff ever signed a release saying he was paid in full because he left as a trustee.

At the close of the evidence the court gave Instruction No. 3, the plaintiff's verdict director.[1] The court also gave Instruction No. 5 which informed the jury that if at the time the note was executed "nothing was paid to the defendants . . . for the same and . . . that plaintiff did not part with anything of value in consideration of the note . . .", then the note was without consideration and verdict should be for defendants.

Instruction No. 6 instructed the jury to find for the defendants "if from all the facts and circumstances given in evidence you find said note has been paid off. . . ."

The court refused to tender defendants' proffered instructions numbers 9, 10, 11 and 12 relating to the issue that the note

was signed and made by the defendants for the accommodation of the plaintiff Kopff.

The jury returned a verdict for the plaintiff and assessed plaintiff's recovery at $3,500.00 principal, $1,995.00 interest, and $420.00 attorney's fees. Judgment was duly entered thereon.

Defendants, in time, filed their motion for new trial alleging various trial errors. A general objection was made to the giving of Instruction No. 3.

On this appeal defendants contend that the trial court erred (1) in failing to grant the appellants leave to amend the pleadings to plead the affirmative defense of payment, (2) in refusing to permit appellants to cross-examine the plaintiff concerning his failure to file a mechanic's lien on the church property which, it is contended, is indicative of payment made to the plaintiff, and that the defendants were accommodation makers until the payments were made by the church, (3) in giving, over appellants' objection, Instruction No. 3, and (4) in refusing to give the defendants' offered instructions relating to accommodation.

Rule 55.54, V.A.M.R. provides in pertinent part that ". . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. . . ."

■ It has been consistently held that while courts should be liberal in permitting

---

[1] "Your verdict must be for plaintiff if you believe:
First, defendants gave their promissory note to plaintiff, and
Second, they did so after receiving consideration for their promise to pay, and
Third, that time for paying said note has passed, and

Fourth, plaintiff has made demand for payment, but defendants have failed to pay, unless you believe plaintiff is not entitled to recover by reason of Instructions No. *5 or 6*."

amendments to pleadings, whether a particular amendment should be permitted is primarily within the sound judicial discretion of the trial judge whose action will not be disturbed where there is no showing that such discretion has been palpably and obviously abused. Parsons Construction Co. v. Missouri Public Serv. Co., 425 S.W.2d 166, 174 (Mo.1968); Pender v. Foeste, 329 S.W.2d 656 (Mo.1959).

■■ Appellants rely on People's Trust and Savings Co. v. Arthaud, 22 S.W.2d 860 (Mo.App.1929). In that case the trial court allowed an amendment to the pleadings to conform to the proof of payment, and this court held that allowing amendments is largely within the discretion of the trial court and its action in allowing an amendment will not usually be disturbed on appeal. More recently, the Missouri Supreme Court has held that it was not an abuse of discretion to refuse an amendment presenting a new defense when the request was made less than a month prior to trial and was based on facts which should have been known before then. Boling v. State Farm Mutual Automobile Ins. Co., 466 S.W.2d 696, 699 (Mo.1971). In this case the only defense initially pleaded by the appellants was lack of consideration. It was not until appellants' cross-examination of plaintiff's first witness that appellants sought leave to amend their answer in order to raise the defense of payment. If refusal to allow an amendment before trial was not an abuse of discretion, refusal where the request was not made until during the course of the trial is even less likely to be reversible error.

We hold that there was no abuse of discretion in failing to permit the defendants' counsel to amend the pleadings. There was especially no such abuse of discretion in this case. Several times during the testimony of the defendant Kenneth Miller there was testimony that the plaintiff Kopff had been paid, and the court gave Instruction No. 6 which directed the jury to render a verdict for the defendants if it found that the note *had been paid*.

■■ Defendants complain that the court erred in refusing to permit appellants to examine the plaintiff concerning his failure to file a mechanic's lien. They argue that the attempted examination should have been allowed because such failure was a negative fact and that prior cases have held that such evidence inheres with probative force and is to be considered by the jury. Keily v. Knights of Father Mathew, 179 Mo.App. 608, 162 S.W. 682, 685 (1913). The authorities appellants cite establish only that a negative fact may be proved by negative evidence. Appellants cite no case directly in point and our research has failed to disclose any. No decision has been located in which negative evidence has been held admissible to prove an affirmative fact.

■ The extent of cross-examination of a witness, or in this posture where the plaintiff was called as an adverse witness, as to matters which are collateral, irrelevant or immaterial rests largely within the discretion of the trial court and unless that discretion is abused and prejudice results, a new trial or a reversal is not justified. Moore v. Connecticut Fire Ins. Co., 238 Mo.App. 328, 181 S.W.2d 176 (1944). Whether or not plaintiff exercised his rights under Chapter 429, RSMo., is irrelevant to the issues raised by the pleadings. The trial court did not err in this regard.

■ Appellants next complain that the court erred in giving Instruction Number 3. This point has not been preserved for review. Rules 70.02, 79.03, 84.04(e), V.A. M.R. Before submission to the jury a general objection was made to the instruction, but there was no specific objection made in the motion for new trial. Bremer v. Mohr, 478 S.W.2d 14, 19 (Mo.App.1972). Furthermore, the disputed instructions were not set forth in appellants' brief. Sippel v. Custom Craft Tile, Inc., 480 S. W.2d 87, 92 (Mo.App.1972).

■■ In any event, there is no error in the instruction in the use of the word

"they". As long as the consideration moves to any one of two comakers, the note is adequate to support the undertaking of all. Will v. Trumpelman, 171 S.W.2d 732 (Mo.App.1943). The contract was made directly with Mr. Miller.

As to appellants' final point concerning the refusal of the court to give the instructions relating to an accommodation to Kopff, appellants contend there was sufficient evidence to support the issue of accommodation. The defendants pleaded as a defense failure of consideration so that defendants contend that Mr. Miller received no benefit for signing the note. Also it is contended that the circumstances are such surrounding the issuance of the note, i. e., the fact that the note was a short term note, indicated that Mr. Miller was accommodating Mr. Kopff until payment was made by the trustees of the Pacific Baptist Church.

■ It is true that the rule is that the party for whose benefit accommodation paper has been made acquires no right against and is not entitled to successfully sue the accommodation maker, and as long as the rights of no other party are involved, the accommodation party may set up want of consideration as a defense to an action by the accommodated party. Town & Country Shoes Federal Credit Union v. Cramer, 350 S.W.2d 281, 284 (Mo.App.1961).

■ It is also true, however, that "no one can be an accommodation maker of a note given for his own debt." Columbian Nat. Life Ins. Co. v. Dubinsky, 349 Mo. 299, 160 S.W.2d 727, 731 (Mo.1942); 11 Am.Jur.2d, Bills & Notes, § 121 at 163 (1963).

■ Appellant Kenneth Miller by his own testimony admitted that he made a contract directly with the respondent for plumbing work to be done on the Pacific Baptist Church. Mr. Miller does not deny that the work was satisfactorily completed. Mr. Kopff had fully performed and Mr.

Miller as a general contractor was liable on the contract at the time he signed the promissory note in issue. The note could not, therefore, have been an accommodation instrument since it was given for the maker's own debt.

Furthermore, there is no substantial evidence in the record to show that the note was signed for the accommodation of Kopff. Mr. Miller admitted signing the note; it is undisputed that the subcontract was made with Mr. Miller after a bid by Mr. Kopff. The trial judge did not err in refusing the instructions offered in light of the pleadings and evidence adduced. And the fact that the note was a short term note does not in itself indicate that the note was accommodation paper.

We have carefully examined the record and the points and authorities cited by appellants and conclude there is no error.

The judgment is affirmed.

DOWD, C. J., and WEIER, J., concur.