John MORANZ, Plaintiff-Appellant,

v.

Jon F. SCHILLER,
Defendant-Respondent.

No. 36098.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 24, 1975.

Motion for Rehearing to Court en Banc or to Transfer to Supreme Court Denied
July 15, 1975.

Shaw & Howlett, William H. Jennings, II, Clayton, for plaintiff-appellant.

Susman, Stern, Agatstein, Heifetz & Gallop, Richard J. Sheehan, Mark E. Goodman, Charles G. Misko, St. Louis, for defendant-respondent.

RENDLEN, Judge.

Plaintiff filed his two-count petition in the Circuit Court of St. Louis County charging defendant in Count I with alienation of affections and in Count II with criminal conversation. At the close of plaintiff's evidence the trial court dismissed Count II for a variance between the evidence and pleadings and on submission of Count I the jury found for defendant. Plaintiff appeals.

We see no occasion to detail the evidence of plaintiff as to the alleged wrongful conduct of defendant nor to set out the denials or other evidence of defendant from which the jury could find the loss of affection for plaintiff by his wife did not result from defendant's conduct. The evidence, if the trial court had properly granted plaintiff leave to amend, was sufficient to justify jury submission of both counts.

Plaintiff and Eloise Moranz were married in 1956. Although the evidence is vague as to the precise date, it is apparent they were separated by March, 1971, divorced in September, 1972, and shortly thereafter Eloise and defendant married. Plaintiff and his wife became estranged and defendant's evidence was in part calculated to demonstrate this estrangement resulted from plaintiff's conduct. Eloise Moranz was employed by defendant in late 1970 and there is evidence the business relationship led to one somewhat more social.

The issue of alienation of affections was submitted to the jury by instructions, including defendant's converse framed in the "third method" provided for converse instructions. See MAI No. 33.01, Third Method, p. 351 et seq. Defendant, not required by this "third" form converse to directly negate the elements of plaintiff's theory set forth in the main verdict director, *Bollman v. Kark Rendering Plant*, 418 S.W.2d 39, 49[18] (Mo.1967), attempted, albeit erroneously, to submit his own theory of the case to defeat plaintiff's claim.

■ The complained of converse, Instruction No. 3, is as follows:

"Your verdict must be for defendant if you believe that the plaintiff's conduct toward his wife was such as to render her life with him intolerable and that because of such conduct on his part she withdrew her affections from him, and that such withdrawal of affections was not caused by any act of the defendant."

The effect of this instruction is to allow as a *defense* to an action for alienation of affections the fact that the affections of the spouse had already been withdrawn from the plaintiff before any alleged wrongdoing of defendant. The instruction is prejudicially erroneous since it is no defense to an action for alienation of affections that the spouse of plaintiff had little or no affection for plaintiff at the time of the alleged wrongful acts by the defendant, *Comte v. Blessing*, 381 S.W.2d 780, 784[8, 9] (Mo.1964); *Reynolds v. Reynolds*, 143 S.W.2d 347, 348[3] (Mo.App.1940), although such matters may be relevant to the issue of damages. *Comte v. Blessing, supra* at 784[8, 9]. The governing law in this situation found clear expression in *DeFord v. Johnson*, 152 Mo.App. 209, 133 S.W. 393, 395 (1911):

"The law very jealously guards the marital relation, and looks with extreme disfavor on the intermeddler. An injured spouse may have a just cause for separation, but may elect to condone the offense

and abide by the situation. If he chooses to do so, a stranger has no right to intermeddle or to seek an advantage to himself on account of the delinquency . . . It is not necessary for the plaintiff to show that there was affection and that defendant had completely alienated it; for, although plaintiff's wife has no affection for the plaintiff, a third party has no right to interfere or cut off any chance of affection springing up in the future. Evidence offered by the defendant for the purpose of proving that there had existed no affection between the husband and wife will not be heard *as a bar* . . . Such evidence is admissible only in mitigation of damages . . ." (Emphasis added.)

Defendant's converse, Instruction No. 3, was improper and the cause is reversed and remanded as to Count I.

Count II of the petition charged acts of carnal knowledge between defendant and plaintiff's wife during November and December of *1970*. The principal body of plaintiff's evidence on this issue was directed to the year 1971 and at the close of his case in chief, plaintiff sought leave to amend the petition to read *1971* instead of *1970*. Such leave was denied and defendant's motion for directed verdict as to Count II sustained. Considering the evidence most favorable to plaintiff and the reasonable inferences in support of his theory, there was proof sufficient to permit the jury's consideration of whether plaintiff's wife had sexual intercourse with defendant while Eloise and plaintiff were lawfully married. There was litle or no evidence that such wrongdoing occurred as alleged in the months of November or December, 1970; instead, the evidence tended to show that acts of intercourse took place, if at all, at a later time, with the strongest evidence pointing to November and December, 1971.

In prescribed situations, amendments to the pleadings are governed by Rule 55.33(a), VAMR, which provides, inter alia, that after answer is filed a petition may be amended "only by leave of court or by written consent of the adverse party; and leave shall be *freely given* when justice so requires." (Emphasis added.) In cases controlled by this provision "permission to amend is wholly discretionary with the trial judge and is not to be questioned on appeal unless there is a clear abuse of discretion." *Kallenbach v. Varner*, 502 S.W.2d 446, 448[2] (Mo.App.1973), cited by defendant.[1] But when the proposed amendment is for the purpose of conforming pleadings to the proof, Rule 55.33(b), VAMR, becomes applicable, which is in part as follows:

"Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they *shall* be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues . . ." (Emphasis added.)

It has been said that absent a claim of surprise by the opposing party, one is "entitled" to amend his pleadings to conform to the evidence. *Biehle v. Frazier*, 360 Mo. 1068, 232 S.W.2d 465, 467[1–4] (1950); *Solomon v. Moberly Light and Power Co.*, 303 Mo. 622, 262 S.W. 367, 370[1] (banc 1924). Where as here evidence inconsistent with pleadings was admitted without objection at trial, we shall consider on appeal that the pleadings were amended to conform with plaintiff's evidence. *Lock v. Bennartz*, 470 S.W.2d 801, 802[1] (Mo.1971).

1. Defendant also cites *Kopff v. Miller*, 501 S.W.2d 532 (Mo.App.1973), and *Parsons Const. Co. v. Mo. Public Service Co.*, 425 S.W.2d 166 (Mo.1968). Both cases involve requests by parties to amend their pleadings during trial to permit introduction of evidence beyond the scope of pleaded issues. The evidence was subject to present objection by the opposite party. Such is not the case at bar.

For plaintiff to avail himself of the provisions of Rule 55.33(b), VAMR, defendant must first have consented or failed to object to submission of evidence of the issue regarding criminal conversation between defendant and Eloise in November or December of 1971. No objection was raised to the evidence on grounds that it was beyond the scope of the pleadings. We hold it was an abuse of discretion to refuse leave to amend at the close of plaintiff's evidence. The question of the relationship between Eloise and defendant in November and December of 1971 had been at issue throughout the trial. Defendant did not, and in our opinion could not at that stage of the proceedings, claim surprise when plaintiff sought to conform his petition to the proof. We see no valid reason for denying the request to amend and hold that it was error so to do. It is unnecessary for the purposes of this appeal to rule plaintiff's other contentions of error.

The judgment is reversed and the cause is remanded. The trial court is directed to permit amendment to Count II of plaintiff's petition and the cause is remanded for further proceedings on Counts I and II not inconsistent with this opinion.

WEIER, P. J., and DOWD, J., concur.