Ray COSENS and Barbara Cosens,
Plaintiffs-Respondents,

v.

John Clyde SMITH, Defendant-Appellant,

and

Clifford Emory Davidson, Defendant.

No. KCD 27271.

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Poague, Brock & Wall, Julius F. Wall, Clinton, for John Clyde Smith.

Before SOMERVILLE, P. J., PRITCH-ARD, C. J., and TURNAGE, J.

SOMERVILLE, Presiding Judge.

At about 1:30 on the afternoon of June 14, 1971, a "nice, clear, sunshiny day", Ronald Cosens was driving his parents' 1966 Pontiac convertible south on Second Street in Clinton, Missouri. As he approached the intersection of Second Street and Bodine Avenue, he prepared to turn onto the eastbound lane of Bodine Avenue by switching on his left turn signal, pulling over to the white centerline, and coming to a stop. Just as he came to a complete stop, he looked into his rearview mirror and observed an automobile approximately forty to fifty feet behind him approaching the rear of the Pontiac. He later learned that the approaching automobile was driven by defendant Smith. According to Ronald's testimony, as adduced on direct examination, the Smith automobile "wasn't speeding" and "appeared to be operating normally". Sensing no apparent danger, Ronald turned his attention to three or four well-spaced cars traveling northward on Second Street which he was waiting on to clear the intersection before he proceeded to turn left. He had been sitting in the described stopped position "approximately one-half minute to a minute" when his parents' Pontiac was suddenly hit in the rear and shoved "a little ways" forward. After the impact Ronald got out of the Pontiac and quickly inspected the damage. During his inspection he discovered that the rear end of the Pontiac had received moderately heavy external damage. While viewing the external damage, Ronald discovered that the car that had collided with his parents' Pontiac was the same car he had seen approaching from the rear some thirty to sixty seconds earlier, and that it had also been hit in the rear end. According to Ronald, the physical facts disclosed that a car driven by defendant Davidson struck the car driven by defendant Smith in the rear and knocked it into the rear of the Pontiac. Defendant Smith offered evidence which confirmed this sequence of events. The evidence was conflicting, to some extent, as to whether defendant Smith was moving or had been completely stopped for some period of time behind the Pontiac when struck in the rear by defendant Davidson's vehicle. According to defendant Smith's testimony, his car had been stopped for some period of time behind the Pontiac before his car was struck in the rear end by defendant Davidson's car. The record further disclosed that as defendant Smith was in the process of stopping behind the Pontiac he observed what later turned out to be defendant Davidson's car approximately "a block" behind him. The record is devoid of any evidence that defendant Davidson was op-

erating his car at a fast or high rate of speed or in an erratic manner at any time observed by defendant Smith. In fact, the record is completely silent as to any direct evidence regarding the manner in which the Davidson car was being operated at any time.

Ronald's parents filed suit against defendants Smith and Davidson in the Magistrate Court of Henry County, Missouri, for damages to their Pontiac. The gist of their petition was that the damage to their Pontiac was directly and proximately caused by certain acts of specific negligence on the part of both defendants. A change of venue was taken to the Circuit Court of Henry County, Missouri. A jury was waived and the case proceeded to trial before the court. Defendant Davidson was "in default" and did not appear in person or by counsel at the trial. At the close of all the evidence the trial court entered judgment in favor of the plaintiffs, and against both defendants, in the amount of $835.00.

Defendant Smith timely appealed to this court charging two claims of error. First, he contends there is no evidence in the record to support a finding of actionable negligence on his part which directly caused or contributed to cause the collision and ensuing damage sustained by plaintiffs' Pontiac. Second, he contends the record fails to contain any evidence as to the fair and reasonable market value of the Pontiac immediately following the collision. Having concluded, for reasons subsequently set forth, that defendant Smith's first charge of error is meritorious, the second need not and will not be discussed.

After reviewing the record of this non jury tried case de novo on the law and evidence (Rule 73.01), it is apparent, even after deferring to the trial court's finding, as to controverted factual matters involving the credibility of witnesses (Rule 73.01), that the evidence at best merely established that defendant Smith's car, "while operating normally" behind the Pontiac, was violently shoved into the rear of the Pontiac by defendant Davidson's car. With the record in this posture, the adverse judgment rendered against defendant Smith can not stand unless this court concludes that the Missouri rear-end collision doctrine is applicable. If the Missouri rear-end collision doctrine is inapplicable, it is patently obvious that plaintiffs failed to carry the burden of proving any specific negligent conduct on the part of defendant Smith which directly caused or contributed to cause the collision and resultant damage sustained by their Pontiac.

■ For the rear-end doctrine to be applicable in a given case several prerequisites must be substantiated by the record. These prerequisites find clarity of expression in *Hughes v. St. Louis Public Service Co.*, 251 S.W.2d 360, 362 (Mo.App.1952), citing the landmark case of *Jones v. Central States Oil Co.*, 350 Mo. 91, 164 S.W.2d 914 (Mo. 1942), and other cases: "[I]f one person has his vehicle in a portion of the highway where he should have it or is entitled to have it in view of the course in which he is proceeding, and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other person in charge of the overtaking vehicle." It appears implicit from the case law of this state that if the record in a given case fails to establish each of the above prerequisites the doctrine can not be relied on by a plaintiff or plaintiffs to sustain a favorable verdict and judgment. *Witherspoon v. Guttierez*, 327 S.W.2d 874 (Mo.1959); *Clevenger v. Walters*, 419 S.W.2d 102 (Mo. banc 1967).

■ A view of the case at bar with the prerequisites of the rear-end doctrine in mind discloses a fatal absence of one of the several prerequisites of the doctrine. Although it is apparent from the record that there was an abundance of evidence that Ronald Cosens had his parents' Pontiac in a position on Second Street where it was enti-

tled to be and that the front of defendant Smith's car collided with the rear of the Pontiac, it is equally apparent, with marked cogency, that the evidence utterly failed to demonstrate that defendant Smith, as legally contemplated by the rear-end collision doctrine, "permitted" his car to run into the rear of the Pontiac. In the case at bar the evidence merely established that defendant Smith's car, absent a showing of any negligent conduct on his part, was violently shoved into the rear of the Pontiac by defendant Davidson's car. There is no showing that defendant Smith was guilty of any actionable negligence that directly caused or contributed to cause the chain collision that resulted in the damage sustained by plaintiffs' Pontiac. Defendant Smith's car was nothing more or nothing less than the unfortunate, involuntary victim of defendant Davidson's negligence when it was propelled into the rear of plaintiffs' Pontiac. A review of the Missouri rear-end collision doctrine, as espoused on numerous occasions, convinces this court that as originally conceived and subsequently interpreted said doctrine is not imbued with such elasticity as to be applicable or controlling in this case. As parenthetically noted by the court in *Clevenger v. Walters*, supra, all rear-end collisions do not fall within the doctrine.

The judgment rendered by the trial court can not stand against defendant Smith, and as to him alone the judgment is reversed. Since defendant Davidson took no appeal, the judgment against him stands.

Judgment reversed as to defendant Smith.

All concur.