**J. Dave PETTERSON and Sandra Petterson, Appellants,**

v.

**STATE FARM GENERAL INSURANCE CO. and State Farm Fire & Casualty Co., Respondents.**

**No. WD 36942.**

Missouri Court of Appeals, Western District.

Dec. 3, 1985.

Robert G. Duncan, Kansas City, for appellants.

Donna June Clark, Kansas City, for respondents.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a civil action seeking recovery for alleged losses under two insurance policies. The judgment is affirmed in part and in part reversed and the cause remanded.

A sole point is presented, which in summary charges that the trial court erred in submitting a converse verdict directing instruction because said instruction submitted a defense to Count II for which

there was no independent applicable evidence.

Appellants Dave and Sandy are husband and wife. They were the owners of insurance policies issued by respondents. Policy I (pertaining to Count I of appellants' petition) was a homeowners policy (also called a renters policy) issued by State Farm General Insurance Company which covered various household items from loss through theft or other peril. Policy II (pertaining to Count II of appellants' petition) was a personal articles policy (also called a jewelry floater) issued by State Farm Fire and Casualty Company *which covered only specific pieces of jewelry from loss through theft or other peril.* Appraisals for the pieces were submitted by appellants to respondent and respondent accepted said appraisals. The personal articles policy covered only the specific pieces of jewelry listed and no other articles of personalty.

On July 14, 1985, appellants reported to respondents' agent that their apartment had been burglarized. Appellants' submitted their claims under both policies to respondents which included personal property inventory forms listing the items lost and specifically listing a video cassette recorder (VCR) and various pieces of the jewelry insured under the personal articles policy. During respondents' investigation of the claims appellant Dave Petterson twice gave false testimony under oath pertaining to the VCR. Respondent denied the claims under both policies citing a misrepresentation clause appearing in both policies which states: "Concealment or Fraud. This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." [1]

The above facts were introduced as evidence during the trial. No evidence was introduced by either party that appellants intentionally misrepresented a material fact

---

**1.** The clauses in the two policies have slightly different wording as the clause in the personal articles policy states: "Concealment or Fraud. This entire policy will be void if, whether before or after a loss, you have intentionally concealed or misrepresented a material fact or circumstance relating to this insurance."

or circumstance relating to the personal articles policy.

At the close of the evidence, respondents submitted the following instruction converse to appellants' verdict director for Count II:

INSTRUCTION NO. 14

Your verdict must be for the defendant if you believe that before the denial of the claim:

First, either:

Plaintiff Dave Petterson represented that a burglary occurred, or

Plaintiff Dave Petterson represented that the VCR in his home was a Sanyo 6800 with a value of $699.95, or

Plaintiff Dave Petterson represented that the VCR was not financed, or

Plaintiff Dave Petterson represented that the loss due to the alleged burglary was $20,538.00, and

Second, the representation was false, and

Third, plaintiff Dave Petterson knew it was false, and

Fourth, the false representation was material, and

Fifth, plaintiff Dave Petterson intended to deceive defendant.

The jury returned verdicts for respondents as to both counts. Appellants filed their motion for new trial which was denied. Thereafter, appellants timely filed this appeal challenging only that portion of the judgment pertaining to Count II.

This cause was tried in two counts, one count on each policy under which a claim was made. The articles covered by each policy were separate, the homeowners policy (Count I) covering various household items and the personal articles policy (Count II) covering only specific pieces of jewelry. Respondents defended both counts in the same manner, (i.e. the policies were void because appellant Dave Petterson intentionally misrepresented a material fact). Both policies contain a provision voiding the policy if the insured has "inten-

tionally concealed or misrepresented a material fact or circumstance relating to *this* insurance."

No evidence was adduced by respondent State Farm Fire and Casualty Company that the VCR was covered under the personal articles policy; nor was evidence adduced that appellants intentionally misrepresented or concealed any material fact or circumstance relating to the personal articles policy. In short, there simply was no evidence applicable to Count II which would support the premises posed to the jury in Instruction # 14.

■ An instruction which is not supported by the evidence is erroneous in that it is misleading and confusing. *Sheinbein v. First Boston Corp.*, 670 S.W.2d 872, 878 (Mo.App.1984), *see also Moore v. Kopp*, 400 S.W.2d 176, 180 (Mo.1966), and *Biehle v. Frazier*, 232 S.W.2d 465, 467, 360 Mo. 1068 (1950).

Appellants admit that there may have been some evidence that there was no burglary thereby providing support of one of the premises contained in Instruction # 14. Even so, respondents' Instruction # 14 submits four *disjunctive* premises and if any one of those disjunctive premises lacks the requisite evidentiary support, the respective instruction is rendered defective and erroneous, and reversal and remand of the case for a new trial is the available curative remedy. *See Miller v. Scholl*, 594 S.W.2d 324, 328 (Mo.App.1980), *Stanfill v. City of Richmond Heights*, 605 S.W.2d 501, 502 (Mo.App.1979), and *Leonard v. Gordon's Transport, Inc.*, 575 S.W.2d 244, 247 (Mo. App.1978). This court recognizes that in these cases the instruction at issue was the plaintiff's verdict director. However, it follows that the rule must equally apply to converse instructions. *See also* "Notes on Use" appended to MAI 17.02 [1981].

Although respondent was entitled to submit a converse instruction to appellants' verdict director, the instruction was an affirmative converse[2], and not a true con-

2. An instruction beginning with "Your verdict must be for defendant if you believe" followed by a hypothesized ultimate issue which, if true, would defeat plaintiff's claim.

verse[3], and therefore, there must be independent evidence to support it. *See* "Notes on Use" appended to MAI 33.01 [1981].

 The trial court erred in its submission of respondents' converse instruction as to Count II, as said instruction was an affirmative converse and was without evidence to support its submission.

Appellants have abandoned all claims under Count I of their petition, and that part of the judgment pertaining to Count I is in all respects affirmed. That part of the judgment pertaining to Count II is reversed and the cause is remanded for further proceedings, if any, in conformity with this opinion.

All concur.

---

3. An instruction beginning "Your verdict must be for defendant unless you believe" followed by one or more propositions submitted by the verdict directing instruction and in substantially the same language used in the verdict directing instruction.