Charlotte Lee **SPRING**, Respondent,

v.

**KANSAS CITY AREA TRANSPORTATION AUTHORITY, and Cornelius J. Gottstein, Appellants.**

**No. WD 43981.**

Missouri Court of Appeals, Western District.

Aug. 20, 1991.

Dorothy L. Campbell, Asst. City Atty., Kansas City, for appellants.

James D. Walker, Kansas City, for respondent.

Before SHANGLER, P.J.,
LOWENSTEIN, C.J., and BERREY, J.

BERREY, Judge.

Kansas City Area Transportation Authority (hereinafter ATA) appeals a verdict against it in sum of $100,000.00. The jury found ATA 80% at fault and assessed Charlotte Spring, the respondent, comparative fault at 20%. Spring cross-appeals.

The facts are quite simple, Mrs. Spring boarded an ATA bus at 8th and Grand. When en route to her seat she testified the bus accelerated, she felt a "sudden jerk" and she was thrown to the floor.

ATA alleges trial court error in submitting Instruction No. 5 as it did not accurately state the law, was confusing and misleading and gave the jury a roving commission and there was no substantial evidence from which the jury could find ATA negligent. In her cross-appeal Spring claims that there was no evidence that she was negligent in any respect and the trial court erred in submitting Instruction No. 6, Defendants' Comparative Fault Instruction.

Bus driver Cornelius J. Gottstein testified he picked up Spring at 8th and Grand and watched her move through the bus in his rear-view mirror. He saw her walk past the yellow safety line before he started up. Gottstein testified he "took off in a proper manner, accelerating at a gradual speed, straight ahead." The bus moved about ten feet at which time the driver heard a thud. He testified he, "heard a thud, let up on the accelerator, hit the brake, slowed the bus down a little bit which I wasn't going that fast, turned around and she was on the floor." Spring testified she was a regular rider of ATA. She has a bus pass and goes everywhere on the bus. After boarding the bus she was walking to the rear, "and all of a sudden it felt like it was a sudden jerk...." She was thrown to the floor. As a result of this fall, surgery was performed on her right leg. She had six screws and a plate placed in her right leg by Dr. James Whitaker. She spent ten days in Research Hospital and missed five weeks of work. She

had to take taxis to attend various business meetings.

She is unable to perform many of the tasks she previously performed. She cannot get on her hands and knees to scrub the floor. She cannot walk as fast as she did prior to the fall and she tires easily. Going up and down steps causes her discomfort and her "knee has a tendency to give out." As a result of the accident she spent $1,810.70 on cabfare and lost $2,301.00 in total gross wages.

Zandra Nelson, a twenty-year-old student at Penn Valley Community College was a passenger on the bus and observed the accident. Nelson testified for Spring as follows:

She, [Spring] as she got on the bus, she paid her fare and while she was walking back to her seat she was hanging on onto the handle bars. She usually does, she gets on the bus, she was saying hello to someone when when she—she was coming toward her seat, she let go of the handle, the bus stopped real quick and she fell.

Nelson knew Spring and they often were on the same bus. Nelson testified without objection that, "it seemed like the bus driver was trying to race with a car and he accelerated, like when you first start out he was like in a hurry and all of a sudden he just stopped and she fell to the floor."

Appellants contend that Instruction No. 5 is not an MAI approved instruction and did not hypothesize sufficient facts to constitute negligence. Instruction No. 5 reads as follows:

In your verdict you must assess a percentage of fault to Defendant Gottstein and Defendant KCATA, whether or not Plaintiff was partly at fault, if you believe:

First, Defendant Gottstein operated the bus before Plaintiff was seated, and

Second, Defendant Gottstein was thereby negligent, and

Third, as a direct result of such negligence, Plaintiff sustained damage.

Instruction No. 5 is a not-in-MAI instruction which fails to define what conduct or

type of operation was negligent. The instruction actually given gave no indication of what this negligence consisted of. Merely because the bus started up before the passenger was seated does not necessarily constitute negligence. *Biehle v. Frazier*, 360 Mo. 1068, 232 S.W.2d 465 (1950). Whether it was negligence to start up before a passenger is seated depends on the facts of the case. *Benjamin v. Metropolitan S. R. Co.*, 245 Mo. 598, 151 S.W. 91, 94 (1912). Here the instruction was prejudicial since operation of a bus before a passenger is seated does not necessarily constitute negligence. Appellants' Point I is sustained.

Because we are sending the case back for retrial, we do not take up appellants' other complaint. The cause is reversed and remanded for a new trial.

All concur.